IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TIMOTHY WHITE, | § | |
| Plaintiff | § | |
| | § | CIVIL ACTION NO. |
| vs. | § | |
| | § | Jury Trial Demanded |
| REGIONAL ADJUSTMENT | § | |
| BUREAU, INC. D/B/A RAB, INC., | § | |
| Defendant | § | |

# ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

## NATURE OF ACTION

1. This is an action for damages brought by an individual plaintiff for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereinafter "FDCPA"), the Texas Debt Collection Practices Act, Chapter 392 (hereinafter "TDCPA"), the Texas Business and Commerce Code, Subchapter E, Chapter 17, (hereinafter "DTPA"), which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices, and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

2. Plaintiff seeks to recover monetary damages for Defendant's violation of the FDCPA, the TDCPA, DTPA, and TCPA and to have an Order or injunction issued by this Court preventing Defendant from continuing its violative behaviors.

3. Service may be made upon Defendant in any other district in which it may be found pursuant to 29 U.S.C. §1132(e)(2).

## JURISDICTION AND VENUE

4. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, 47 U.S.C. § 227(b)(3) and 28 U.S.C. § 1337.

5. Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and/or where Defendant transacts business in this district.

## PARTIES

6. Plaintiff, Timothy White ("Plaintiff"), is a natural person residing in Dallas County.

7. Plaintiff is a consumer as defined by the FDCPA, 15 U.S.C. § 1692a(3) and the Texas Business and Commerce Code section §17.50(a)(1) and Texas Finance Code §392.001(1).

8. Defendant, Regional Adjustment Bureau, Inc. d/b/a RAB, Inc. ("Defendant") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5) and by Tex. Fin. Code Ann. § 392.001(6).

9. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and by Tex. Fin. Code Ann. § 392.001(2).

## FACTUAL ALLEGATIONS

10. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

11. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes and Plaintiff incurred the obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant.

12. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

13. Within one (1) year preceding the date of this Complaint, Defendant made and/or placed a telephone call to Plaintiff's cellular telephone number, in effort to collect from Plaintiff an obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant.

14. Within one (1) year preceding the date of this Complaint, Defendant

willfully and knowingly utilized an automatic telephone dialing system to make and/or place a telephone call to Plaintiff's cellular telephone number, in effort to collect from Plaintiff an obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant.

15. In connection with the collection of an alleged debt, Defendant repeatedly contacted Plaintiff at his place of employment after being informed that such calls are inconvenient to Plaintiff and violate the policy of Plaintiff's employer, including, but not limited to, calls on March 14, 2011 @ 5:03 P.M., March 16, 2011 @ 2:26 P.M., March 21, 2011 @ 4:49 P.M. and March 22, 2011 @ 1:37 P.M. (15 U.S.C. § 1692c(a)(3)).

16. In connection with the collection of an alleged debt, Defendant, via its agents and/or employees "Karen Nelson" and "Leann," contacted Plaintiff via cellular telephone on February 17, 2011 @ 9:25 A.M. and March 11, 2011 @ 1:35 P.M., and in each such instance, left a voicemail message in which Defendant failed to disclose its true corporate or business name and further failed to notify Plaintiff that the communication was from a debt collector. (15 U.S.C. §§ 1692d(6), 1692e(11), Tex Fin Code §§ 392.304(a)(4), 392.304(a)(5)(B)).

17. In connection with the collection of an alleged debt, Defendant, via its agent and/or employee "Leann," contacted Plaintiff via cellular telephone on March 15, 2011 @ 3:52 P.M., and at such time, left a voicemail message in which

Defendant failed to notify Plaintiff that the communication was from a debt collector. (15 U.S.C. § 1692e(11), Tex Fin Code § 392.304(a)(5)(B)).

18.   Defendant placed no fewer than four (4) non-emergency calls to Plaintiff's cellular telephone, without the prior express consent of Plaintiff, using an automatic telephone dialing system, including, but not limited to, calls placed on February 17, 2011 @ 9:25 A.M., March 7, 2011 @ 12:27 P.M., March 11, 2011 @ 1:35 P.M. and March 15, 2011 @ 3:52 P.M.  (47 U.S.C. 227(b)(1)(A)(iii)).

19.   Where Defendant had not yet made an attempt to contact Plaintiff's counsel or had not given Plaintiff's counsel sufficient time to respond to the initial attempt to communicate with Plaintiff's counsel, and where Plaintiff's counsel had not given Defendant permission to contact Plaintiff directly, communicating with Plaintiff directly after learning that Plaintiff is being represented by counsel (§ 1692c(a)(2).

20.   Defendant's actions constitute conduct highly offensive to a reasonable person, and as a result of Defendant's violations of the FDCPA, Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## COUNT I--FDCPA

21.   Plaintiff repeats and re-alleges each and every allegation contained above.

22. Defendant's aforementioned conduct violated the FDCPA.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated the FDCPA;

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II--TDCPA

23. Plaintiff repeats and re-alleges each and every allegation above.

24. Defendant violated the Texas Debt Collection Practices Act in one or more of the following ways:

a. Failing to disclose clearly in a communication with Plaintiff the name of the person to whom the debt has been assigned or is owed when making a demand for money. (Tex Fin Code § 392.304(a)(4));

b. Failing to disclose that the communication is from a debt collector,

   where such communication was an oral communication between Defendant and Plaintiff subsequent to the initial communication. (Tex Fin Code § 392.304(a)(5)(B));

   c. Using false representations or deceptive means to collect a debt or obtain information concerning a consumer, including (Tex Fin Code § 392.304(a)(19)).

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a) Adjudging that Defendant violated the TDCPA;

   b) Awarding Plaintiff statutory damages pursuant to the TDCPA;

   c) Awarding Plaintiff actual damages pursuant to the TDCPA;

   d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

   e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

   f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III—TCPA

25. Plaintiff repeats and re-alleges each and every allegation above.

26. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by willfully and knowingly utilizing an automatic telephone dialing system to make and/or place a

telephone call to Plaintiff's cellular telephone number.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii);

b) Awarding Plaintiff statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(B), in the amount of $500.00 per violation;

c) Awarding Plaintiff statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(C), in the amount of $1,500.00 per violation;

d) Awarding Plaintiff actual damages, pursuant to 47 U.S.C. § 227(b)(3)(B);

e) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

f) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law.

## COUNT IV—DTPA

27.  Plaintiff repeats and re-alleges each and every allegation by reference herein all prior paragraphs above.

28.  A violation of the Texas Debt Collection Practices Act is a is a deceptive trade practice under the Texas Deceptive Trade Practices Act, and is actionable under the Texas Deceptive Trade Practices Act. Tex. Fin. Code. Ann. § 392.404(a)

29. Defendant violated Tex. Bus. Com. Code § 17.50(h).

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated the Texas Deceptive Trade Practices Act, Tex. Bus. Com. Code, Chapter 17, Subchapter E.

b) Awarding Plaintiff actual damages, pursuant to Tex. Bus. Com. Code § 17.50(h);

c) Awarding Plaintiff three times actual damages, pursuant to Tex. Bus. Com. Code § 17.50(h).

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

30. Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully submitted,

By: /s/ Dennis R. Kurz
Dennis R. Kurz
Texas State Bar # 24068183
Attorney in Charge for Plaintiff

WEISBERG & MEYERS, L.L.C.
9330 LBJ Freeway
Suite 900
Dallas, TX 75243
(888) 595-9111 ext. 412
(866) 565-1327 (fax)


## CERTIFICATE OF SERVICE


I certify that on July 28, 2011, I electronically filed the foregoing document with the clerk of the U.S. District Court, Northern District of Texas, Dallas Division, using the electronic case filing system of the court.

/s/ Dennis R. Kurz
Dennis R. Kurz