**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| TIMOTHY WHITE, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:11-CV-1817-B |
| | § | |
| REGIONAL ADJUSTMENT | § | |
| BUREAU, INC., d/b/a RAB, INC. | § | |
| | § | |
| Defendant. | § | |

## JOINT STATUS REPORT

**1. A brief statement of the nature of the case, including the contentions of the parties.**

**Plaintiff:** This is an individual action brought under the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§1692 *et seq*., the Texas Debt Collection Act ("TDCA"), TEX. FIN. CODE. §§392.001 *et seq*., the Texas Deceptive Trade Practices Consumer Protection Act ("DTPA"), TEX. BUS. & COM. CODE §§17.01 *et seq*., and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*, to obtain declaratory relief, and actual, statutory, and exemplary damages for Defendant's violations of the FDCPA, TDCA, DTPA, and TCPA.

In the course of attempting to collect an alleged debt from Plaintiff, Defendant placed several telephone calls to Plaintiff and Plaintiff's place of employment.  Plaintiff alleges that such communications violated the FDCPA and TDCA because they were placed after Plaintiff informed Defendant that such calls were inconvenient to Plaintiff and violated the employment policies of Plaintiff's employer.

Defendant also left voice messages/voice recordings for Plaintiff which Plaintiff alleges violate the FDCPA and TDCA because such communications fail to provide meaningful disclosure of Defendant's identity and fail to disclose that such communications are from a debt

collector.   Defendant's violations of § 392.001 *et seq*. of the Texas Finance Code, constitute

violations of the Texas Deceptive Trade Practices Act, including but not limited to Subchapter E,

Chapter 17 of the TEX. BUS. & COM. CODE pursuant to Section 392.404 of the Texas Finance

Code.

Plaintiff alleges that Defendant violated the TCPA at 47 U.S.C. § 227(b)(1)(A)(iii) by

willfully and knowingly utilizing an automatic telephone dialing system to make and/or place

multiple non-emergency telephone calls to Plaintiff's cellular telephone number without

Plaintiff's prior express consent.

**Defendant:**  Defendant contends that it did not violate any federal or state collection laws

in collecting this account.  Further, Defendant alleges Plaintiff has failed to properly invoke the

TCPA in that Plaintiff has failed to plead the enabling statute.  Plaintiff has pled a statute that

does not create a cause of action on its own.  Defendant further states that any damages alleged

by Plaintiff were the result of a preexisting condition and the actions of third parties over whom

this Defendant had no control.  Further, Plaintiff failed to mitigate damages, if any.

2. **Any challenge to jurisdiction or venue, including any procedural defects in the removal, if this case was removed.**

Defendant believes that Plaintiff has failed to properly plead the TCPA.  The TCPA

confers jurisdiction in state court only.  Plaintiff has failed to plead the state statute.

3. **Any pending motions.**

None.

4. **Any matters which require a conference with the court.**

None.

5. **Likelihood that other parties will be joined or the pleadings amended.**

The parties do not anticipate joinder or amendment of pleadings at this time.

6.  **(a) An estimate of the time needed for discovery, with reasons, (b) a specification of the discovery contemplated, and (c) whether discovery should be conducted in phases or be limited to or focused upon particular issues**.

(a)     Seven (7) months, because there are several claims under federal law (FDCPA, TCPA) and several claims under state law (TDCA, DTPA).

(b)     The parties anticipate (1) discovery into the merits of Plaintiff's individual FDCPA, TDCA, DTPA, and TCPA claims.  Defendant will despose Plaintiff.  As soon as is practicable Plaintiff intends to notice oral depositions pursuant to Rule 30(b)(6) on topics such as compliance policies, the communication at issue, Defendant's FDCPA compliance policies, training, and technology infrastructure.  Plaintiff anticipates providing notice to one or more directors, officers, or managing agents, of depositions pursuant to Rule 30(b)(1).  Plaintiff anticipates taking and completing expert depositions.  No experts have been identified.

(c)     Discovery should not be conducted in phases nor limited to particular issues.

7.  **Any issues related to the disclosure or discovery of electronically stored information, including the form or forms (i.e., TIF, PDF, or native; with our without metadata; searchable or not) in which it should be produced.**

Plaintiff expects that merits-based discovery will include a fair amount of electronically stored information; namely, business records of Defendant's collection efforts which are believed to include, without limitation, records of the placement of Plaintiff's account for collection and records of when, and to whom, calls were placed using the automated dialing system.  Plaintiff is hopeful that Defendant will cooperate in providing data compilations and/or reports which the technology at issue is capable of producing.  Notwithstanding, Plaintiff reserves his right to request discoverable electronic information in native form.  Defendant reserves the right to object to any request for electronically stored information in native form.

8. **Any issues relating to claims of privilege or of protection as trial-preparation material, including–if the parties agree on a procedure to assert such claims after production–whether they will be asking the Court to include their agreement in an order.**

The parties anticipate that discovery may call for the production of discoverable, yet commercially or personally sensitive materials or information. The parties have agreed to enter into a protective order to address those concerns.

9. **What changes, if any, should be made in the limitations on discovery imposed under the Federal rules or by local rule, and what other limitations should be imposed;**

None.

10. **Any other orders that should be entered by the Court under Rule 26(c) or Rule 16(b) and (c).**

A protective order pursuant to Rule 26 of the Federal Rules of Civil Procedure which the parties shall jointly submit for the Court's consideration.

11. **Proposed deadlines with specific dates that limit the time to (a) join other parties and to amend the pleadings; (b) file motions, including summary judgment and other dispositive motions; (c) complete discovery; and (d) designate expert witnesses and make the expert disclosures required by Rule 26(a)(2).**

| | | |
|---|---|---|
| (a) | Joinder of parties: | December 2, 2011. |
| (b) | Amendment of pleadings: | December 2, 2011. |
| (c) | Plaintiff's experts / disclosures: | March 2, 2012. |
| (d) | Defendant's experts / disclosures: | April 6, 2012. |
| (e) | Discovery motions: | May 4, 2012. |
| (f) | Discovery closes: | May 4, 2012. |
| (g) | Dispositive motions: | June 1, 2012. |

12. **Requested trial date, estimated length of trial, and whether jury has been demanded.**

| | | |
|---|---|---|
| (a) | Trial date: | August 6, 2012. |

(b)     Length:                          Three (3) days.

(c)     Jury demanded:                   Yes.

**13. Whether the parties will consent to trial (jury or non-jury) before a United States Magistrate Judge per 28 U.S.C. § 636(c).**

No.  Plaintiff consents, Defendant does not.

**14. Progress made toward settlement, and the present status of settlement negotiations. This must be a detailed report.  Do not submit a generic recitation that settlement was discussed but was unsuccessful.**

**Plaintiff:**  Counsel have discussed settlement prospects and agree that the parties will be in positions better suited to evaluate relative strengths and weaknesses of Plaintiff's claims and Defendant's defenses after initial written discovery requests are propounded and responded to. Defendant requested a settlement demand from Plaintiff, but Plaintiff requires discovery to properly valuate his claims and therefore has, to date, refused to provide a specific settlement demand.  Defendant has, to date, provided no specific settlement offer.

**Defendant:**   On numerous occasions Defendant requested a demand from Plaintiff. After several emails, Plaintiff's counsel flatly stated that because Defendant did not settle this case pre-suit, no demand would be made.  Defendant then immediately made a written offer of judgment.  Plaintiff failed to respond to that offer.  The offer has now expired.

**15. What form of alternative dispute resolution (e.g., mediation, arbitration, summary jury trial, court-supervised settlement conference, or early neutral evaluation) would be most appropriate for resolving this case and when it would be most effective.**

Court-supervised settlement conference.

**16. Any other matters relevant to the status and disposition of this case.**

None.

Dated:  October 21, 2011.


WEISBERG & MEYERS, LLC                    ROBBIE MALONE, PLLC

/s/ Dennis R. Kurz                         /s/ Robbie Malone
Dennis R. Kurz                             Robbie Malone
Texas Bar No. 24068183                     Texas Bar No. 12876450
dkurz@attorneysforconsumers.com            rmalone@rmalonelaw.com
Weisberg & Meyers, LLC                     Robbie Malone, PLLC
9330 LBJ Freeway, Suite 900                8750 North Central Expressway, Suite 1850
Dallas, TX 75243                           Dallas, TX 75231
Telephone:     (888) 595-9111             Telephone:     (214) 346-2630
Facsimile:     (866) 317-2674             Facsimile:     (214) 346-2631

*Attorneys for Plaintiff*                  *Attorneys for Defendant*
TIMOTHY WHITE                              REGIONAL ADJUSTMENT BUREAU, INC.