IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TIMOTHY WHITE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO.  3:11-cv-01817-B |
| | § | |
| REGIONAL ADJUSTMENT | § | |
| BUREAU, INC. d/b/a RAB, INC. | § | |
| | § | |
| Defendant. | § | |

### PLAINTIFF'S RESPONSE AND BRIEF IN OPPOSITION TO DEFENDANT'S OBJECTIONS AND MOTION TO STRIKE PLAINTIFF'S APPENDIX

Plaintiff Timothy White ("Plaintiff") files this response and brief in opposition to the objections to Plaintiff's Response in Opposition to Defendant's Motion for Summary Judgment, and motion to strike Plaintiff's appendix of exhibits filed by Defendant Regional Adjustment Bureau, Inc. (doc 48). For the following reasons Defendant's objections should be overruled and its motion to strike should be denied.

**I. PLAINTIFF'S RESPONSE BRIEF ADHERES TO THE PAGE LIMITATION ESTABLISHED BY LOCAL RULE 56.5(b)**

Defendant suggests that Plaintiff's brief in opposition to Defendant's motion for summary judgment (doc. 46-1) is too long and was filed in "disregard of Local Rule 7.2(c))." (Doc. 48, p. 2). Defendant's suggestion is incorrect; the brief in question is within the 50-page limit established by Local Rule 56.5(b).

The applicable Rule states:

> b. Length of Briefs. The requirements of LR 7.2 apply to briefs filed pursuant to LR 56.5(a), except that, excluding the table of contents and table of authorities, the length of a principal brief must not exceed 50 pages and a reply brief must not exceed 25 pages. The presiding judge, by order or other appropriate notice issued in a civil action, may restrict the length of briefs to fewer pages than are permitted by this rule.

L.R. N.D. TEX. ("LR") 56.5(a)-(b).

Plaintiff's brief in response to Defendant's motion for summary judgment (doc. 46-1) is a principal brief, as opposed to a reply. It is 49-pages long and therefore complies with the applicable Rule. *Id*.; *Cf. Hegwood v. Ross Stores, Inc*., 2007 WL 102993 (N.D. Tex. 2007) ("Local Rule 56.5(b) states that '[t]he requirements of LR 7.2 apply to briefs filed pursuant to LR 56.5(a), except that, excluding the table of contents and table of authorities, the length of a principal brief must not exceed 50 pages and a reply brief must not exceed 25 pages.' Because a response is a principal brief, Plaintiffs' 28-page *Response* is well within the limits established by the Local Rules. Defendant Ross's motion [to strike] is hereby **DENIED**.") (original emphasis).

## II. DEFENDANT'S MOTION VIOLATES THE CONFERENCE REQUIREMENTS OF LOCAL RULE 7.1(a), (b), AND (h).

Defendant also charges Plaintiff with violating Local Rules 7.2(d) and 7.1(e), and "requests this Court to strike Plaintiff's appendix from the record." (Doc. 48, p. 2). Defendant's motion contains no certificate of conference because no effort to confer was made.

Local Rule 7.1 states in relevant part:

> **Motion Practice.**
>
> **(a)   Conference.**  Before filing a motion, an attorney for the moving party shall confer with an attorney for each party affected by the requested relief to determine whether the motion is opposed. Conferences are not required for motions to dismiss, motions for judgment on the pleadings, motions for summary judgment, motions for new trial, or when a conference is not possible or practicable.
>
> **(b)   Certificate of Conference.**
>
> (1) Each motion for which a conference is required shall include a certificate of conference indicating that the motion is unopposed or opposed.
>
> (2) If a motion is opposed, the certificate shall state that a conference was held, indicate the date of conference and the

2

> identities of the attorneys conferring, and explain why agreement could not be reached.
>
> (3) If a conference was not held, the certificate shall explain why it was not possible or practicable to confer, in which event the motion will be presumed to be opposed.
>
> \* \* \*
>
> **(h)   Uniform Requirements on Motion Practice.**
>
> B - Brief required (not required with agreed motion)
> C - Certificate of conference required
>
> | **MOTION (to/for)** | **B** | **C** |
> |---|---|---|
> | \* \* \* | | |
> | STRIKE | X | X |

L.R. 7.1(a)-(b); (h) (original emphasis).

Defendant violated the Local Rules in moving to strike Plaintiff's appendix on grounds of noncompliance with the Local Rules. And, from the nature of the additional relief that Defendant seeks, it appears that Defendant's attorneys are unfamiliar with the Local Rules that they—absent any attempt to confer—accused Plaintiff of violating.

### III.   PLAINTIFF DOES NOT OPPOSE THE MAJORITY OF THE RELIEF SOUGHT.

Had one of Defendant's attorneys extended the professional courtesy of placing a simple telephone call to Plaintiff's attorney, they would have discovered that the relief Defendant seeks is mostly unopposed.

   A.   **Plaintiff Does Not Oppose Defendant's Request to File a Reply Exceeding Ten Pages in Length.**

Defendant argues: "Due to Plaintiff's disregard of Local Rule 7.2(c), RAB has no way of summarizing its arguments to Plaintiff's response within the 10 page reply brief limit proscribed by the same rule." (Doc. 48, p. 2). As discussed *supra*, at II., Plaintiff did not "disregard" Local Rule 7.2(c)—

a Rule which further provides: "[A] reply brief must not exceed 25 pages." LR 56.5(b). Plaintiff does not oppose Defendant's request to file a reply brief more than ten pages in length.

### B. Plaintiff Does Not Oppose Filing A Corrected Response to Include Tables of Contents and Authorities.

Plaintiff does not oppose filing a corrected brief containing tables of contents and authorities in compliance with Local Civil Rule 7.2(d) (*See* doc. 48, p. 2) ("[Defendant] requests this Court to order Plaintiff to comply with this local rule as it will assist in the research and writing of RAB's reply brief and further assist the Court in coming to its determination on RAB's Motion for Summary Judgment.").

### C. Plaintiff Does Not Oppose Defendant's Request for an Extension of Its Reply Deadline.

Defendant argues that if Plaintiff's brief is allowed to stand that it should be granted an extension of time to reply. (*See* doc. 48, p. 2). Plaintiff does not oppose allowing Defendant more time to file its reply.

## IV. DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S APPENDIX LACKS MERIT.

Defendant's last suggestion is that Plaintiff's appendix should be struck because "Plaintiff failed to comply with Local Rule 7.1(e)." (Doc. 48, p. 2). Local Rule 7.1(e) states:

> **(e)** **Citations to Appendix.** If a party's motion or response is accompanied by an appendix, the party's brief must include citations to each page of the appendix that supports each assertion that the party makes concerning any documentary or non-documentary materials on which the party relies to support or oppose the motion.

L.R. 7.2(e).

Rule 12(f) allows a court to strike "impertinent" and "scandalous" matter from a pleading. An impertinent pleading is one that is immaterial, while a scandalous pleading is one that casts an excessively adverse light on the character of an individual or party. *OKC Corp. v. Williams,* 461 F.Supp. 540, 550 (N.D.Tex. 1978). Motions to strike are disfavored, though, and are rarely granted. *F.D.I.C. v. Niblo,* 821 F.Supp. 441, 449 (N.D. Tex.1993) (noting that motions to strike are often

4

used as a dilatory tactic). Unless the portion of the pleading at issue bears no possible relation to the controversy or may cause the objecting party prejudice, the motion should be denied. *OKC Corp.,* 461 F.Supp. at 550.

Defendant does not object to the documentary evidence contained in Plaintiff's appendix, but instead objects to the citation to that appendix contained in Plaintiff's timely-filed response brief. *See* L.R. 7.2(e). Defendant's motion to strike should be denied.

Dated: September 7, 2012.    Respectfully submitted,

          WEISBERG & MEYERS, LLC
By: /s/ Noah D. Radbil
    Noah D. Radbil
    Texas Bar No. 24071015
    noah.radbil@attorneysforconsumers.com
    WEISBERG & MEYERS, LLC
    Two Allen Center
    1200 Smith Street, Sixteenth Floor
    Houston, Texas 77002
    Telephone:   (888) 595-9111
    Facsimile:    (866) 317-2674

*Attorneys for Plaintiff*
TIMOTHY WHITE

## CERTIFICATE OF SERVICE

On September 7, 2012, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel and/or *pro se* parties of record electronically or by another manner authorized by Federal rule of Civil Procedure 5 (b)(2).

By: /s/ Noah D. Radbil
Noah D. Radbil