U.S. DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TIMOTHY WHITE, | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| V. | § | Case No. 3:11-cv-01817-B |
| | § | |
| REGIONAL ADJUSTMENT | § | |
| BUREAU, INC. D/B/A RAB, INC. | § | |
| | § | |
| DEFENDANTS. | § | |

## RESPONSE TO PLAINTIFF'S OBJECTIONS TO REGIONAL ADJUSTMENT BUREAU'S FIRST AMENDED PRETRIAL DISCLOSURES

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Regional Adjustment Bureau, Inc. (herein "RAB"), through counsel of record, and files its Response to Plaintiff's Objections and would respectfully show the Court as follows:

**I.**

**ARGUMENT AND AUTHORITIES**

**A. RAB's Counsel Should Not be Ordered to Accept Service of Subpoenas on Behalf of RAB's Employee-Witnesses.**

1. FRCP 45(b)(1) states "[s]erving a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law." FRCP 45(b)(2) states that a subpoena may be served at any place: "(A) within the district of the issuing court; (B) outside that district but within 100 miles of the place specified for the deposition, hearing, trial, production or inspection; (C) within the state of the issuing court if a state statute or court rule allows service at that place

of a subpoena issued by a state court of general jurisdiction sitting in the place specified for the deposition, hearing, trial, production, or inspection; or (D) that the court authorizes on motion and for good cause if a federal statute so provides."

2.   Plaintiff is requesting this Court to entirely circumvent the Federal Rules of Civil Procedure regarding the service of subpoenas. First, RAB's counsel has not been authorized to accept service of a subpoena. Second, FRCP 45(b)(1) requires that a copy must be served personally. "Under Federal Rule of Civil Procedure 45(b), 'serving a subpoena requires delivering a copy to the named person.'" *Call of the Wild Movie, LLC v. Does 1-1,062*, 770 F. Supp.2d 332, 361 (D. D.C. 2011). The longstanding interpretation of Rule 45 has been that personal service of subpoenas is required. *Id*. "The use of the word 'delivering' in subdivision (b)(1) of the rule with reference to the person to be served has been construed literally.'" *Id.*; 9A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2454 (2010). As Plaintiff has not personally served the subpoenaed the five employees and RAB's counsel does not represent the employees in their individual capacity, they have not been properly served under FRCP 45[1].

3.   As stated above, FRCP 45(b) lists four specific locations a subpoena may be served. FRCP 45(b)(2). None of these locations is a person's employer's counsel's office via facsimile. It is important to note that the five employees Plaintiff refers to each work and reside in Tennessee, outside the subpoena range of FRCP 45(b)(2)(A) and (B). In addition, Plaintiff points to no state statutes or federal statutes allowing these employees to be served through their

---

[1] *Call of the Wild Movie, LLC* is surprisingly similar to the facts at hand. In that case, plaintiff's counsel forwarded the subpoena as an attachment to an e-mail to defendant's counsel and requested defendant's counsel to accept the service by e-mail. 770 F. Supp.2d at 361. The defendant's counsel responded that he was not authorized to accept such service. *Id*. The court then found this was not proper service and plaintiff is required to comply with Rule 45(b)(1). *Id*. at 362. As RAB's counsel does not represent its employees in their individual capacity as the subpoenas seek, it is not authorized to accept such service on their behalf.

**RESPONSE TO PLAINTIFF'S OBJECTIONS TO REGIONAL ADJUSTMENT BUREAU'S FIRST AMENDED PRETRIAL DISCLOSURES** – **Page 2**
M:\9840000 CHUBB FILES\9840280 Timothy White v. Regional Adjustment Bureau, Inc. dba RAB, Inc\Pleading\trial\9840280.Response to Plaintiff's Objections to RAB's Supplemented Pretrial Disclosures.docx

employer's counsel. FRCP 45(b)(2)(C) and (D). While under FRCP 45(b)(2)(D), the Court may authorize service at any place on a motion and for good cause and if a federal statute so provides, Plaintiff has demonstrated no good cause nor any statute to allow the requested service. Plaintiff's request should be denied and his objection should be overruled.

4.      Plaintiff further argues that RAB did not provide the telephone number of any of the employee-witnesses and provided a collective Tennessee address. Doc. 77 at 1. The address provided is RAB's corporate address, the logical place of employment for each of the employee-witnesses. Doc. 73 at 2. Furthermore, each of the named employee-witnesses continues to work at RAB, and such disclosures will be supplemented accordingly if their employment ends. Because a valid address has been provided for each of the five employees to which Plaintiff seeks RAB's counsel to accept service on their behalf, there is no good cause for this Court to compel RAB's counsel to accept service of subpoenas on behalf of these witnesses to which it does not represent. RAB requests this Court to deny Plaintiff's request for an order for RAB's counsel to accept service and overrule his objection.

**B. Plaintiff's Vague Objection Regarding Redacted or Incomplete Documents Must be Overruled.**

5.      Plaintiff argues that he "objects to RAB's publishing to the jury or admitting into evidence any redacted documents as well as any that are incomplete (missing attachments, for example)—absent this Court's *in camara*[2] inspection to determine the subject-matter, nature, and propriety of such redactions or incompleteness." Doc. 77 at 1. First, Plaintiff does not even make a proper objection to RAB's First Supplemented Pretrial Disclosures. *Id.* He identifies no exhibit, no grounds, and does not put either RAB or the Court on notice of what exhibit or exhibits he

---

[2] Spelling found in Plaintiff's Objections.

**RESPONSE TO PLAINTIFF'S OBJECTIONS TO REGIONAL ADJUSTMENT BUREAU'S FIRST AMENDED PRETRIAL DISCLOSURES** – **Page 3**
M:\9840000 CHUBB FILES\9840280 Timothy White v. Regional Adjustment Bureau, Inc. dba RAB, Inc\Pleading\trial\9840280.Response to Plaintiff's Objections to RAB's Supplemented Pretrial Disclosures.docx

refers to for RAB to respond or the Court to make a ruling. While Plaintiff "requests this simple order as well" it is not simple at all for RAB to respond nor for the Court to guess what he refers to and make a ruling. Doc. 77 at 1.

6. Second, this objection is untimely as it is a discovery based matter that should have been raised within the discovery period. If a party seeking discovery does not move to compel or ask for a hearing it waives its right to the requested discovery. *Calderon v. Presidio Valley Farmers Ass'n*, 863 F.2d 384, 389 (5th Cir. 1989). The discovery deadline was September 14, 2012. Doc. 14. Plaintiff has now waited four and a half months to vaguely object to RAB's exhibits. Based on Plaintiff's improper, untimely, and vague objection to which its application nor relevance can be ascertained, RAB requests this Court to overrule the objection to its First Amended Pretrial Disclosures.

## II.

## CONCLUSION

7. Plaintiff attempts to circumvent the detailed Federal Rules of Civil Procedure regarding the service of subpoenas. He requests the Court to allow an alternative service upon five employee-witnesses of RAB whom all live and work in Tennessee, outside of the Court's jurisdiction and 100 mile subpoena range. Furthermore, Plaintiff has presented no statute allowing this Court to serve these people in their individual capacity through their employer's counsel. As such, this request and objection by Plaintiff should be overruled and denied.

8. In addition, Plaintiff's request of a "simple order" contains no specificity, grounds, or law on his objection to any of RAB's exhibits. Plaintiff does not even identify any exhibits or documents to which he may be referring. Plaintiff requests the Court to make an *in camera* inspection regarding unidentified documents to "determine the subject-matter, nature, and

propriety of such redactions or incompleteness" but it is Plaintiff's own objection which contains no subject-matter, nature, or propriety and is incomplete. Neither RAB nor the Court can ascertain the focus of this "objection" to respond or rule upon. Last, as this seems to be a discovery matter, Plaintiff has waived any objection to this and makes this objection untimely as the discovery deadline passed four and a half months ago. For these reasons, this Court should overrule the "objection" and deny his undeterminable request.

WHEREFORE, PREMISES CONSIDERED, Defendant Regional Adjustment Bureau, Inc. respectfully requests this Court to overrule Plaintiff's objections to RAB's First Amended Pretrial Disclosures, deny his requests for relief, and award RAB any other relief, whether at law or in equity, justly entitled.

Respectfully submitted,

**ROBBIE MALONE, PLLC**

/s/ Xerxes Martin
ROBBIE MALONE
State Bar No. 12876450
Email: rmalone@rmalonelaw.com
XERXES MARTIN
State Bar No. 24078928
Email: xmartin@rmalonelaw.com
ROBBIE MALONE, P.L.L.C.
Northpark Central, Suite 1850
8750 North Central Expressway
Dallas, Texas 75231
TEL: (214) 346-2630
FAX: (214) 346-2631

*COUNSEL FOR DEFENDANT*

## CERTIFICATE OF SERVICE

      This is to certify that a true and correct copy of the foregoing document has been forwarded via ECF on this 13th day of February, 2013 to:

      Noah D. Radbil
      Weisberg & Meyers, L.L.C.
      9330 LBJ Freeway, Ste. 900
      Dallas, Texas 75243

                                        /s/ Xerxes Martin