UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TIMOTHY WHITE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:11-CV-1817-B |
| | § | |
| REGIONAL ADJUSTMENT | § | |
| BUREAU, INC., d/b/a RAB, INC., | § | |
| | § | |
| Defendant. | § | |

## ORDER

Before the Court is an Objection (doc. 77), filed by Plaintiff Timothy White. Plaintiff requests that counsel for Defendant Regional Adjustment Bureau, Inc. be required to accept service of subpoenas on behalf of Defendant's employee-witnesses, identified by Defendant in its First Amended Pretrial Disclosures (doc. 73) as possible defense witnesses: Karen Nelson, Kannesha Dennis (alias LeAnn), Cassandra Dyson (alias Monica Perry), Aaron Garber (alias David Barnes), and Michelle Alsobrook (alias Megan Hayes).[1] Defendant filed its Response (doc. 86) to Plaintiff's Objection, contending that it should not be required to accept service of subpoenas under Federal Rule of Civil Procedure 45(b).

The Court concludes that, as an officer of this court, Defendant's counsel must either accept service of the subpoenas on behalf of the five employees identified as potential defense witnesses or must arrange for those witnesses to be present during the trial. *See, e.g., Tex. Data Co., L.L.C. v. Target Brands, Inc.*, 771 F. Supp. 2d 630, 642-43 (E.D. Tex. 2011) (examining a defendant's control

---

[1] At this time, the Court does not consider the other issues raised in Plaintiff's Objections (doc. 77).

over its employee-witnesses to secure their presence for litigation in the motion to transfer venue context).

SO ORDERED.

SIGNED: February 15, 2013.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE