**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **TIMOTHY WHITE,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:11-cv-01817-B |
| | § | |
| **REGIONAL ADJUSTMENT** | § | |
| **BUREAU, INC. d/b/a RAB, INC.** | § | |
| | § | |
| **Defendant.** | § | |

### PLAINTIFF TIMOTHY WHITE'S FIRST SUPPLEMENTAL RULE 26(a) DISCLOSURE STATEMENT

Plaintiff Timothy White ("Plaintiff") by counsel, serves these supplemental disclosures under Federal Rule of Civil Procedure 26(e).  These disclosures are based on information reasonably available to Plaintiff at this time. Plaintiff's investigation and review of documents related to this matter is continuing, and Plaintiff reserves the right to supplement these disclosures as provided for under Federal Rule of Civil Procedure 26(e) as developments warrant.

These disclosures are made without waiving any right to object (1) to any discovery request or proceeding involving or relating to the subject matter of these disclosures consistent with the Federal Rules of Civil Procedure and the Local Rules; or (2) to the use of any information disclosed in any proceeding in this action or in any other action.

**(i)** *The name and, if known, the address and telephone number of each individual likely to have discoverable information – along with the subjects of that information – that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.*

For the companies listed below, Plaintiff believes that individual(s) not yet identified from each company and/or each companies this company's subsidiaries and affiliates are likely to have discoverable information that Plaintiff may use to support his claims.

1. Dr. Timothy White

    Defendant's unlawful conduct and damages;

2. Robert F. Wyatt c/o
   Robbie Malone, PLLC
   Northpark Central, Suite 1850
   8750 N. Central Expressway
   Dallas, Texas 75231
   (214) 346-2630

    Defendant's unlawful conduct and damages;

3. Regional Adjustment Bureau, Inc.
   c/o Robbie Malone, PLLC
   Northpark Central, Suite 1850
   8750 N. Central Expressway
   Dallas, Texas 75231
   (214) 346-2630

    Defendant's unlawful conduct and damages;

4. Karen Nelson
   c/o Robbie Malone, PLLC
   Northpark Central, Suite 1850
   8750 N. Central Expressway
   Dallas, Texas 75231
   (214) 346-2630

    Defendant's unlawful conduct and damages;

5. Kannesha Dennis, *aka* LeAnn
   c/o Robbie Malone, PLLC
   Northpark Central, Suite 1850
   8750 N. Central Expressway
   Dallas, Texas 75231
   (214) 346-2630

    Defendant's unlawful conduct;

6. Cassandra Dyson *aka* Monica Perry
   c/o Robbie Malone, PLLC
   Northpark Central, Suite 1850
   8750 N. Central Expressway
   Dallas, Texas 75231
   (214) 346-2630

   Defendant's unlawful conduct and damages;

7. Aaron Garber *aka* David Barnes
   c/o Robbie Malone, PLLC
   Northpark Central, Suite 1850
   8750 N. Central Expressway
   Dallas, Texas 75231
   (214) 346-2630

   Defendant's unlawful conduct and damages;

8. Michelle Alsobrook *aka* Megan Hayes
   c/o Robbie Malone, PLLC
   Northpark Central, Suite 1850
   8750 N. Central Expressway
   Dallas, Texas 75231
   (214) 346-2630

   Defendant's unlawful conduct and damages;

9. Arlene Betancourt
   Eastlake Primary Care
   9330 Poppy Drive
   Dallas, TX 75218
   (214) 328-3566

   Damages;

10. John Cush
    Rheumatologist
    Arthritis Care and Research Center
    9900 North Central Expressway Suite 550
    Dallas, TX 75231
    (214) 373-4321

    Damages;

11. Paul Sanders
    Medical Clinic of North Texas
    7515 Greenville Ave., Suite 600
    Dallas Texas, 75231
    (214) 361-5432

    Damages;

12. Xavier Castillo
    Kelsey Seybold-West Clinic
    1111 Augusta Drive
    Houston, Texas 77057
    (713) 442-2400

    Damages;

13. Tracy Henley, Ph.D.
    Department of Psychology, Counseling & Special Education
    Texas A&M University – Commerce
    P.O. Box 3011
    Commerce, TX 75429-3011
    (903) 886-5200

    Damages;

14. Nancy Lamphere
    Department of Psychology, Counseling & Special Education
    Texas A&M University – Commerce
    P.O. Box 3011
    Commerce, TX 75429-3011
    (903) 886-5631

    Damages;

15. Audra Blythe
    Department of Psychology, Counseling & Special Education
    Texas A&M University – Commerce
    P.O. Box 3011
    Commerce, TX 75429-3011
    (970) 534-1057

    Damages;

16. Jaclynn Cureton
    Department of Psychology, Counseling & Special Education
    Texas A&M University – Commerce

        P.O. Box 3011
        Commerce, TX 75429-3011
        (903) 449-3066

        Damages;

17.  Robert and Christine Wilson
      10019 Kilarney Drive
      Dallas, Texas 75218

      Damages;

In addition to the above-named individuals and entities, other persons may have discoverable information that Plaintiff may use to support his claims. Plaintiff reserves the right to seek discovery from, and relating to, other persons that may subsequently become known as persons likely to have discoverable information. The foregoing list also does not include experts and/or consultants who might be retained, rebuttal witnesses, and any individuals or entities identified by Defendant. Plaintiff reserves the right to seek discovery from, and relating to, any such persons.

**(ii)**   *A copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment.*

Plaintiff may support his claims with documents currently in the possession, custody, or control of Defendant and/or third-parties. To the extent any documents are produced in this case in response to any party's document request or subpoena, the documents should be considered disclosed for purposes of Broadcom's obligations under Rule 26(a)(1)(B) of the Federal Rules of Civil Procedure. Plaintiff will supplement this response through the course of discovery. Plaintiff at this time discloses no experts, but expressly reserves his right of supplemental disclosure. *See* table, *infra*.

| Exhibit | Identification (*asterisk indicates may be offered if need arises) |
|---|---|
| 1 | Oral Videotaped Deposition of Timothy White, December 15, 2011; |
| 2 | Oral Deposition Of Regional Adjustment Bureau, Inc., by and through its Designated Representative Robert F. Wyatt, June 14, 2012; |
| 3 | Original Executed Errata Pages, July 19, 2012; |
| 4 | Second Oral Deposition Of Regional Adjustment Bureau, Inc., by and through its Designated Representative Robert F. Wyatt, September 6, 2012; |
| 5 | Original Executed Errata Pages, October 10, 2012; |
| 6 | Account Notes, Regional Adjustment Bureau, Inc. (RAB0001-0041); |
| 7 | Account Notes, Regional Adjustment Bureau, Inc. (RAB0215); |
| 8 | Recordings of Voicemail Messages Communicated to Timothy White by Regional Adjustment Bureau, Inc. (*see* doc. 60, p. 5 of 5) (CDs). |
| 9 | Declaration of Timothy White, September 13, 2012 (doc. 60); |
| 10 | Internet Webpage, http://www.rabinc.com/collection, Regional Adjustment Bureau, Inc. (doc. 51-2, p. 142 of 155); |
| 11 | May 3, 2006, Letter to the Federal Communications Commission, authored by vice-president, Regional Adjustment Bureau Inc. (doc. 51-2, p. 144 of 155); |
| 12 | ADAD Report, Regional Adjustment Bureau, Inc., Permit No: 060352 (doc. 51-2, pp. 146-47 of 155); |
| 13 | Texas Guaranteed Student Loan Corporation Agreement For Education Loan Collection Services (RAB0046-0097; RAB0216-0267); |
| 14 | Retail Collector Training Manual, Regional Adjustment Bureau, Inc. (RAB0098-0214); |
| 15 | Texas Guaranteed Letter, November 4, 2011; |
| 16 | Telephone Call Detail Listing for Timothy White's Cellular Telephone Number; |
| 17 | Regional Adjustment Bureau Letter, February 16, 2011 (doc. 65-1); |
| 18 | *Any admissible exhibits identified by Defendant Regional Adjustment Bureau, Inc.'s Rule 26(a)(3)(A) pretrial disclosures. |

**(iii)** *A computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered.*

1. **The Telephone Consumer Protection Act.**

Engaging in conduct proscribed by Section 227(b)(1)(A)(iii) gives rise to statutory liability under Section 227(b)(3)(B) for either "actual monetary loss from such a violation, or ... $500 in damages for each such violation, whichever is greater." 47 U.S.C. § 227(b)(3)(B). *Adamcik v. Credit Control Services, Inc.*, 832 F. Supp. 2d 744, 754 (W.D. Tex. 2011), appeal dismissed (Feb. 29, 2012). "If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B)" (treble actual damages or $1500 per call, whichever is greater). 47 U.S.C.A. § 227(b)(3).

2. **The Federal Fair Debt Collection Practices Act.**

Defendant's liability for violating the FDCPA at Sections 1692d(6) and 1692e(11) has been established. This Court granted Plaintiff's motion for partial summary judgment on these two FDCPA claims. *See* Order at 24. "A debt collector who violates the FDCPA is liable for actual damages, additional damages of up to $1,000, and attorneys' fees." *Gonzalez v. Kay*, 577 F.3d 600, 604 (5th Cir. 2009, *cert. denied*, 130 S. Ct. 1505 (2010) (citing 15 U.S.C. § 1692k(a)(1)).

    a. **Actual Damages.**

Defendant's wrongful conduct caused Plaintiff suffer legitimate actual damage. Plaintiff's actual damages not only include any out of pocket expenses, but also damages for personal humiliation, embarrassment, mental anguish, and emotional distress. Staff Commentary on the Fair Debt Collection Practices Act, 53 Fed. Reg. 50097, 50109 (Dec. 13, 1988) (Section 813- Civil Liability) (noting that

"actual damages" for FDCPA violations include "damages for personal humiliation, embarrassment, mental anguish, or emotional distress" as well as "out-of-pocket expenses"). The jury must determine for themselves, upon the consideration of the facts of the case, what damages have been actually sustained by Plaintiff in consequence of the unauthorized and wrongful acts of Defendant. *Mayor, Aldermen & Commonalty of City of New York v. Ransom*, 64 U.S. 487, 490 (1859).

### b. Additional Statutory Damages.

The jury must also determine the measure of additional statutory damages, up to $1,000. *Adamcik v. Credit Control Services, Inc.*, 832 F. Supp. 2d at 744.

### c. Costs and Reasonable Attorneys' Fees.

The FDCPA provides that a debt collector found liable under the FDCPA is responsible for the costs of the action together with reasonable attorney's fee(s) as determined by the Court. *Jones v. Lockhart, Morris & Montgomery, Inc.*, 1:11-CV-373, 2012 WL 1580759 (E.D. Tex. Feb. 3, 2012) *report and recommendation adopted sub nom. Jones v. Lockhart, Morris, & Montgomery, Inc.*, 1:11-CV-373, 2012 WL 1580636 (E.D. Tex. May 4, 2012) (citing 15 U.S.C. § 1692k(a)(3)); *Johnson v. Eaton*, 80 F.3d 148 (5th Cir. 1996). (The FDCPA "mandate[es] that the debt collector . . . pay the debtor's attorney's fees in addition to his own attorney's fees.").

The fees available under a fee-shifting statute are part of a plaintiff s recovery. *Young v. Asset Acceptance, LLC*, 3:09-CV-2477-BH, 2011 WL 618274 (N.D. Tex. Feb. 10, 2011). Under the FDCPA, attorney's fees and costs are payable to Plaintiff himself rather than to his counsel. *See Hester v. Graham, Bright & Smith, P.C.,* 289 Fed. Appx. 35, 44 (5th Cir.2008) (per curiam)

Under the FDCPA, the judge, not the jury, makes the decision about attorneys' fees. *Brooks v. Cook*, 938 F.2d 1048, 1051 (9th Cir. 1991) ("The award of attorneys' fees is a matter of law for the judge, not the jury."); *Adamcik v. Credit Control Services, Inc.*, A-10-CA-399-SS, 2011 WL 6793976

8

(W.D. Tex. Dec. 19, 2011) (Issue of attorneys' fees and costs submitted for Court's determination upon post-verdict briefs).

### 3. The Texas Debt Collection Act.

Defendant's liability for violating the TDCA at Sections § 392.304(a)(4) and (a)(5)(B) has been established. This Court granted Plaintiff's motion for partial summary judgment on these two TDCA claims. *See* Order at 16. A plaintiff may recover actual damages including, without limitation, for mental anguish under the TDCA. Tex. Fin. Code Ann. § 392.403(a)(2). Plaintiff is also entitled to recover reasonable attorney's fees and expenses under the TDCA, § 392.403(b). *See Bullock v. Abbott & Ross Credit Services, L.L.C.*, A-09-CV-413 LY, 2009 WL 4598330 (W.D. Tex. Dec. 3, 2009) (awarding attorneys' fees and costs under both the FDCPA and TDCA).

Dated: January 18, 2012.

Respectfully submitted,

WEISBERG & MEYERS, LLC

By: /s/ Noah D. Radbil
Noah D. Radbil
Texas Bar No. 24071015
noah.radbil@attorneysforconsumers.com
WEISBERG & MEYERS, LLC
Two Allen Center
1200 Smith Street, Sixteenth Floor
Houston, Texas 77002
Telephone: (888) 595-9111
Facsimile: (866) 317-2674

*Attorneys for Plaintiff*
TIMOTHY WHITE

**CERTIFICATE OF SERVICE**

I hereby certify that on January 18, 2012, I served the foregoing document on Defendant, by and through its counsel of record listed below, by Certified U.S. Mail, return receipt requested.

    Robbie Malone
    Northpark Central, Suite 1850
    8750 North Central Expressway
    Dallas, Texas 75231

                                              By: /s/ Noah D. Radbil
                                                   Noah D. Radbil