UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TIMOTHY WHITE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:11-CV-1817-B |
| | § | |
| REGIONAL ADJUSTMENT | § | |
| BUREAU, INC., d/b/a RAB, INC., | § | |
| | § | |
| Defendant. | § | |

## JURY INSTRUCTIONS

MEMBERS OF THE JURY:

## I. GENERAL INSTRUCTIONS

### Introduction

You have heard the evidence in this case. I will now instruct you on the law that you must

apply. It is your duty to follow the law as I give it to you. On the other hand, you, the jury, are the

judges of the facts. Do not consider any statement that I have made in the course of trial or make

in these instructions as an indication that I have any opinion about the facts of this case.

You have heard the closing arguments of the attorneys. Statements and arguments of the

attorneys are not evidence and are not instructions on the law. They are intended only to assist the

jury in understanding the evidence and the parties' contentions.

Answer each question from the facts as you find them. Do not decide who you think should

win and then answer the questions accordingly. Do not let bias, prejudice, or sympathy play any part

in your deliberations. A corporation and all other persons are equal before the law and must be

treated as equals in a court of justice.  Your answers and your verdict must be unanimous.

## Burden of Proof

You must answer all questions from a preponderance of the evidence.  By this is meant the greater weight and degree of credible evidence before you.  In other words, a preponderance of the evidence just means the amount of evidence that persuades you that a claim is more likely so than not so.  In determining whether any fact has been proved by a preponderance of the evidence in this case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of the plaintiff's claim by a preponderance of the evidence, you should find for the defendant as to that claim.

## Witness Testimony

In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact, or whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people may forget some things or remember other things inaccurately.  So, if a witness has made a misstatement, you need to consider whether that misstatement was an intentional falsehood or simply an innocent lapse of memory; and the significance of that may depend on whether it has to do with an important fact

or with only an unimportant detail.

## Evidence

While you should consider only the evidence in this case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts that have been established by the testimony and evidence in the case.

The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you believe that single witness.

There are two types of evidence that you may consider in properly finding the truth as to the facts in the case. One is direct evidence–such as testimony of an eyewitness. The other is indirect or circumstantial evidence–the proof of a chain of circumstances that indicates the existence or nonexistence of certain other facts. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

## Objections and Arguments by Counsel

During the course of this trial, you have heard counsel make objections to evidence. It is the duty of the attorney on each side of a case to object when the other side offers testimony or other evidence that the attorney believes is not properly admissible. You should not draw any inference against an attorney or his client because the attorney has made objections.

Upon allowing testimony or other evidence to be introduced over the objection of any

attorney, the Court does not indicate any opinion as to the weight or effect of such evidence. You are the sole judges of the credibility of all witnesses and the weight and effect of all evidence.

When the Court has sustained an objection to a question addressed to a witness, or to the introduction of any other evidence, you must disregard the question entirely, and may draw no inference from the wording of it, or speculate as to what the witness would have said if the witness had been permitted to answer.

From time to time during the trial, it may have been necessary for me to talk with the attorneys out of your hearing, either by having a conference at the bench when you were present in the courtroom, or by calling a recess. The purpose of these conferences was not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

### Cautionary Instruction

I will give you instructions regarding damages at certain points in these instructions. You should not interpret the fact that I have given instructions about damages as an indication in any way that I believe that a party should, or should not, win this case.

### Definitions

You are instructed that the following definitions apply throughout these Jury Instructions.

1. "White" refers to Plaintiff Dr. Timothy White.

2. "RAB" refers to Defendant Regional Adjustment Bureau, Inc.

### Joint Stipulated Facts

The parties have agreed, or stipulated, to the following facts. This means that both sides agree that these are facts. You must therefore treat these facts as having been proved.

3.  RAB is under contract with Texas Guaranteed ("TG") to provide debt-collection services in connection with TG's student loan portfolios.

4.  In August 2010, TG placed Dr. White's student loan debt with RAB for collection.

5.  RAB maintains business records in the form of account notes documenting RAB's communications and attempted communications with Dr. White.

6.  "POE" stands for "place of employment or work phone number."

7.  RAB is a "debt collector" within the meaning of the Fair Debt Collection Practices Act.

8.  Dr. White is a "consumer" within the meaning of the Fair Debt Collection Practices Act.

## II. LIABILITY

### Claims of the Parties

Plaintiff Dr. Timothy White claims that Defendant Regional Adjustment Bureau, Inc. violated § 1692c(a)(3) of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692c(a)(3) when RAB called White's place of employment, Simple Surrogacy, after White informed RAB that it was against his employer's policies to do so. RAB denies that White ever informed RAB that it could not call Simple Surrogacy. RAB also denies that Simple Surrogacy is Plaintiff's employer.

To prevail on this claim, White must prove by a preponderance of the evidence the following elements in dispute:

- Simple Surrogacy was White's employer, and

- RAB knew or had reason to know that it could not contact White at Simple Surrogacy.

In answering Question No. 1, you are instructed as follows:

The Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692c(a)(3) prohibits a debt collector from making communications regarding debt collection to a consumer "at the consumer's place of employment if the debt collector knows or has reason to know that the consumer's employer prohibits the consumer from receiving such communication."

QUESTION NO. 1:

Did RAB violate 15 U.S.C. § 1692c(a)(3) by calling White at his place of employment after RAB knew or had reason to know that White's employer prohibited White from receiving such communications?

Instruction: If so, answer "Yes;" otherwise, answer "No."

ANSWER: _____No_____

If you answered "Yes" to Question 1, proceed to Question No. 2 on page 11; otherwise, proceed to Question 4 on page 14.

III.    DAMAGES

*General Instructions on Damages*

The questions that follow apply to awarding damages to White, if you believe he is owed

damages under the law. You should not interpret the fact that I have given instructions about the

plaintiff's damages as an indication in any way that I believe that the plaintiff should, or should not,

be awarded damages in this case.

Plaintiff seeks two types of damages in this case: actual damages and statutory damages.

Actual damages are actual losses that the plaintiff suffered due to the defendant's conduct. Statutory

damages are damages that are permitted by federal law regardless of whether the plaintiff suffered

actual damages. Statutory damages are separate and distinct from actual damages.

*Definition of Actual Damages*

If you find that the defendant is liable, you must award the amount you find by a

preponderance of the evidence as full and just compensation for all of the plaintiff's damages. You

also will be asked to determine if the defendant must pay the plaintiff damages for conduct that this

Court determined to be a violation of federal and state law prior to trial.

Compensatory damages are not allowed as a punishment against a party. Such damages

cannot be based on speculation, for it is only actual damages—what the law calls compensatory

damages—that are recoverable. However, compensatory damages are not restricted to actual loss of

time or money; they include both the mental and physical aspects of injury, tangible and intangible.

They are an attempt to make the plaintiff whole, or to restore him to the position he would have

been in if the violation had not happened.

You should consider the following elements of damages, to the extent you find that the

plaintiff has established compensatory damages by a preponderance of the evidence: physical pain and suffering including physical disability, impairment, and inconvenience, and the effect of the plaintiff's injuries and inconvenience on the normal pursuits and pleasures of life; mental anguish and feelings of economic insecurity caused by disability; income loss in the past; impairment of earning capacity or ability in the future, including impairment in the normal progress in the plaintiff's earning capacity due to his physical condition; postmedical expenses; the reasonable value, not exceeding actual cost to the plaintiff, of medical care that you find from the evidence will be reasonably certain to be required in the future as a proximate result of the injury in question.

Some of these damages, such as mental or physical pain and suffering, are intangible things about which no evidence of value is required. In awarding these damages, you are not determining value, but you should award an amount that will fairly compensate the plaintiff for his injuries. Again, you should not interpret the fact that I have given instructions about the plaintiff's damages as an indication in any way that I believe that the plaintiff should, or should not, be awarded damages in this case.

The questions regarding what damages, if any, the jury finds are justified in this case are divided into two parts. First, are two questions regarding damages that apply only if you answered "yes" to Question No. 1 regarding RAB's liability. The second section relates to what damages, if any, the jury finds are justified as to certain claims determined prior to trial to have occurred as a matter of law.

A. *Damages for Claims Determined by the Jury in Question No. 1*

Federal law permits a plaintiff to recover actual and statutory damages for violations of the FDCPA. The jury must determine whether White is entitled to recover actual damages and statutory

damages.

QUESTION NO. 2 (answer only if you answered "yes" to QUESTION NO. 1 otherwise, proceed to QUESTION NO. 4 on page 14):

Did White suffer actual damages, which may include out-of-pocket expenses, personal humiliation, embarrassment, mental anguish, and emotional distress due to any of the conduct described in QUESTION NO. 1?

Instruction: If so, answer "Yes"; otherwise, answer "No."

ANSWER: _____

If you answered "Yes," set forth the amount of actual damages: $_____.

**QUESTION NO. 3 (answer only if you answered "yes" to QUESTION NO. 1 otherwise, proceed to QUESTION NO. 4 on page 14).**

Federal law also provides for statutory damages, which are separate from any actual damages, for pecuniary loss or mental anguish, of up to $1,000.00. If you answered "Yes" to QUESTION NO. 1, what amount of statutory damages, if any, do you award White, up to a maximum of $1,000:

$_____$.

*B. Damages for Liability on Claims Determined As a Matter of Law Prior to Trial*

You are instructed that prior to this trial, it was determined, as a matter of law, that certain actions by RAB violated provisions of the FDCPA and the Texas Debt Collection Practices Act ("TDCPA").

Specifically, it has been determined that RAB violated FDCPA, 15 U.S.C. §§ 1692d(6) and 1692e(11), which prohibit a debt collector from placing calls without meaningful disclosure of the caller's identity and failing to disclose that subsequent communications are from a debt collector, when it contacted White on February 17, 2011 and March 11, 2011 without identifying its business name or stating that the call was from a debt collector.

It has been further determined that RAB violated the TDCPA, Tex. Fin. Code §§ 392.304(a)(4) and (a)(5)(B), which prohibit failing to disclose the name of the person to whom the debt has been assigned or is owed and failing to disclose that a communication was made from a debt collector, when it contacted White on February 17, 2011 and March 11, 2011 without identifying its business name or stating that the call was from a debt collector. It is up to the jury to determine the amount of damages, if any, White should receive for RAB's violations of these statutes. Again, you should not interpret the fact that I have given instructions about the plaintiff's damages as an

indication in any way that I believe that the plaintiff should, or should not, be awarded damages in this case.

**QUESTION NO. 4:**

Prior to this trial, it was determined as a matter of law that RAB violated the FDCPA, 15 U.S.C. § 1692d(6) when it contacted White on February 17, 2011 and March 11, 2011 without identifying its business name or stating that the call was from a debt collector.

Did White suffer actual damages, which may include out-of-pocket expenses, personal humiliation, embarrassment, mental anguish, and emotional distress due to any of the conduct described in QUESTION NO. 4?

Instruction: If so, answer "Yes"; otherwise, answer "No."

ANSWER: _____no_____

If you answered "Yes," set forth the amount of actual damages: $_____.

Federal law also provides for statutory damages, which are separate from any actual damages, for pecuniary loss or mental anguish, of up to $1,000.00. What amount of statutory damages, if any, do you award White: $___0___.

**QUESTION NO. 5:**

Prior to this trial, it was determined as a matter of law that RAB violated the FDCPA, 15 U.S.C. § 1692e(11) when it contacted White on February 17, 2011 and March 11, 2011 without identifying its business name or stating that the call was from a debt collector.

Did White suffer actual damages, which may include out-of-pocket expenses, personal humiliation, embarrassment, mental anguish, and emotional distress due to any of the conduct described in QUESTION NO. 5?

Instruction: If so, answer "Yes"; otherwise, answer "No."

ANSWER: _____No_____

If you answered "Yes," set forth the amount of actual damages: $_____.

Federal law also provides for statutory damages, which are separate from any actual damages, for pecuniary loss or mental anguish, of up to $1,000.00. What amount of statutory damages, if any, do you award White: $___0___.

**QUESTION NO. 6:**

Prior to this trial, it was determined as a matter of law that RAB violated the TDCPA, Tex. Fin. Code § 392.304(a)(4) when it contacted White on February 17, 2011 and March 11, 2011 without identifying its business name or stating that the call was from a debt collector.

Did White suffer actual damages, which may include out-of-pocket expenses, personal humiliation, embarrassment, mental anguish, and emotional distress due to any of the conduct described in QUESTION NO. 6?

Instruction: If so, answer "Yes"; otherwise, answer "No."

ANSWER: _____ No _____

If you answered "Yes," set forth the amount of actual damages: $_____.

**QUESTION NO. 7:**

Prior to this trial, it was determined as a matter of law that RAB violated the TDCPA, Tex. Fin. Code § 392.304(a)(5)(B) when it contacted White on February 17, 2011 and March 11, 2011 without identifying its business name or stating that the call was from a debt collector.

Did White suffer actual damages, which may include out-of-pocket expenses, personal humiliation, embarrassment, mental anguish, and emotional distress due to any of the conduct described in QUESTION NO. 7?

       <u>Instruction</u>: If so, answer "Yes"; otherwise, answer "No."

ANSWER: _____ No _____

If you answered "Yes," set forth the amount of actual damages: $_____.

## IV.   INSTRUCTIONS ON DELIBERATIONS

The fact that I have given you these instructions about a particular claim or defense, or that I have not so instructed you, should not be interpreted in any way as an indication that the Court has any opinion as to the merits of the parties' claims and/or defenses.

In order to return a verdict, your verdict must be unanimous. It is your duty as jurors to consult one another and to deliberate with a view towards reaching an agreement. Each of you must decide the case for yourself, but only after an impartial consideration with each other of all the evidence in the case. In the course of your deliberations, do not hesitate to reexamine your own view and change your opinion if convinced it is erroneous. Do not, however, surrender your honest conviction as to the weight or effect of the evidence solely because of the opinion of other jurors or for the mere purpose of returning a verdict. Remember at all times that you are not partisans. You are judges—judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

As soon as I finish reading this charge, you will retire to the jury room. I will send you the exhibits that have been admitted into evidence. You will first select one member of the jury to act as presiding juror. The presiding juror will preside over your deliberations and will speak on your behalf here in court.

Do not deliberate unless all members of the jury are present in the jury room. In other words, if one or more of you go to lunch together or are together outside the jury room, do not discuss the case.

When you have reached unanimous agreement as to your verdict, the presiding juror shall fill in your answers to the questions on a copy of the charge that I will provide to you for this purpose, shall date and sign the last page of that copy of the charge, and shall notify the court security officer

that you have reached a verdict.  The court security officer will then deliver the verdict to me.

The court will honor the schedule you set for your deliberations and your requests for breaks during your deliberations.  From time to time I may communicate with you concerning your schedule.  This is done primarily for the purpose of anticipating the court's staffing needs, and is not in any way intended to suggest that your deliberations should be conducted at a different pace or on a different schedule.

During the trial, the court reporter made a verbatim record of the proceedings.  The court rules do not provide for testimony to be produced for the jury in written form, or for testimony to be read back to the jury as a general aid in refreshing the jurors' memories.  In limited circumstances, the court may direct the court reporter to read testimony back to the jury in open court.  This is done, however, only when the jury certifies that it disagrees as to the testimony of a particular witness, and identifies the specific testimony in dispute.

If, during your deliberations, you desire to communicate with me, your presiding juror will reduce your message or question to writing, sign it, and pass the note to the court security officer, who will bring it to my attention.  I will then respond as promptly as possible, either in writing or by asking you to return to the courtroom so that I can address you orally.  If you do send a message or ask a question in which you indicate that you are divided, never state or specify your numerical division at the time.

After you have reached a verdict, you are not required to talk with anyone about the case unless the Court orders otherwise.

SO ORDERED.

SIGNED: February 27, 2013.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE

## VERDICT OF THE JURY

We, the jury, have answered the foregoing Questions in the manner indicated in this

verdict form, and returned these answers into Court as our verdict.

DATE _02/28/2013_

FOREPERSON