UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TIMOTHY WHITE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:11-CV-1817-B |
| | § | |
| REGIONAL ADJUSTMENT | § | |
| BUREAU, INC., d/b/a RAB, INC., | § | |
| | § | |
| Defendant. | § | |

## ORDER

Before the Court is a Motion for Attorney's Fees and Costs under Federal Rules of Civil Procedure 68 and 54 (doc. 118), filed on March 22, 2013 by Defendant Regional Adjustment Bureau, Inc. against Plaintiff Timothy White. For the reasons that follow, the Motion is **GRANTED IN PART and DENIED IN PART**.

## I.

## BACKGROUND

The background of the underlying facts and claims in this case have been discussed in detail in the Court's prior Orders and are well known by both parties. The Court will therefore limit its discussion to the factual and procedural background relevant to Defendant's Motion (doc. 118).

On July 28, 2011, Plaintiff filed a Complaint against Defendant alleging four causes of action: violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692c(a)(2) and (3), 1692d(6), and 1692e(11); the Texas Debt Collection Practices Act ("TDCPA"), Tex. Fin. Code §§ 392.304(a)(4), (a)(5)(B), (a)(19), and 392.404(a); the Texas Deceptive Trade Practices Act

("DTPA"), Tex. Bus. & Com. Code § 17.50(h); and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(b)(1)(A)(iii). Doc. 1, Compl. The Complaint sought statutory damages, actual damages, treble damages, pre- and post-judgment interest, and attorney's fees and costs. *Id.*

On September 14, 2011, Defendant presented a Rule 68 Offer of Judgment to Plaintiff for $1,000 and attorney's fees. Doc. 118-2, App. at 2-5 (Offer of Judgment and forwarding letter). Plaintiff did not respond to the Rule 68 Offer within the fourteen days before its expiration or any time thereafter. Doc. 118-1, Br. at 2.

The parties filed cross-motions for summary judgment. Docs. 37, 51. The Court awarded summary judgment to Plaintiff on his claims that Defendant violated the FDCPA, 15 U.S.C. §§ 1692d(6) and 1692e(11) (on the February 17, 2011 and March 11, 2011 calls), and the TDCPA, Tex. Fin. Code §§ 392.304(a)(4) and (a)(5)(B) (on the February 17, 2011 and March 11, 2011 calls). The Court awarded summary judgment to Defendant on Plaintiff's claims that Defendant violated the FDCPA, 15 U.S.C. §§ 1692c(a)(2) and 1692e(11) (on the March 15, 2011 call), the TDCPA, Tex. Fin. Code §§ 392.304(a)(4) and (a)(5)(B) (on the March 15, 2011 call) and 392.304(a)(19), and the DTPA, Tex. Bus. & Com. Code § 17.50(h). The Court determined that genuine issues of material fact precluded it from deciding Plaintiff's claims under the FDCPA, 15 U.S.C. § 1692c(a)(3), and under the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii), in favor of either party on summary judgment. Ultimately, the Court issued a directed verdict on the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii) claim.

The remaining claim under the FDCPA, 15 U.S.C. § 1692c(a)(3), was submitted to the jury following a three-day trial. The issue of damages on the claims won by Plaintiff at summary judgment was also submitted to the jury. On February 28, 2013, the jury returned with a verdict determining

that Defendant did not violate § 1692c(a)(3). Doc. 116, Jury Verdict. The jury also awarded no damages of any kind to Plaintiff on the claims for which he was awarded summary judgment. *Id.* The Court entered  Judgment on March 12, 2013, stating that Plaintiff take nothing by his suit against Defendant and dismissing the case at Plaintiff's costs. Doc. 117, J.

On March 22, 2013, Defendant filed its Motion for Attorney's Fees and Costs (doc. 118). The Motion seeks $96,593.73 in attorney's fees and costs.[1] Several days later on March 26, 2013, Defendant filed a Motion for Sanctions under Federal Rule of Civil Procedure 37 (doc. 119) and a Motion for Sanctions under 28 U.S.C. § 1927 (doc. 120). All three Motions have been fully briefed and are ripe for review. This Order relates only to the Motion under Rules 68 and 54 (doc. 118). The Court will address Defendant's remaining two motions in separate orders.

## II.

## LEGAL STANDARD

Defendant brings its Motion under both Federal Rules of Civil Procedure 54 and 68. Rule 54(d)(1) governs costs other than attorney's fees and states that, unless a court order provides otherwise, costs should be allowed to the prevailing party. *Rundus v. City of Dallas*, 634 F.3d 309, 315 (5th Cir. 2011). This Court's March 12, 2013 Judgment (doc. 117) assessed the case at Plaintiff's cost. Despite the broad language permitting costs under Rule 54, 28 U.S.C. § 1920 limits the Court's discretion in taxing costs against an unsuccessful claimant by enumerating the only types of

---

[1]Plaintiff included an explanation of its costs in its Motions, but did not file a separate bill of costs within the time frame for doing so. Upon Defendant's objection (doc. 121, Resp. at 12-13; doc. 131, Obj.) and Plaintiff's Motion for Leave to File (doc. 128), the Court granted Plaintiff's request to file a bill of costs outside of the normal time frame for doing so. Doc. 133, Order. Plaintiff's argument that Defendant's request for costs should be denied on this basis is therefore moot.

recoverable costs. *Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987). A district court may decline to award costs listed in the statute, but may not award costs omitted from the statute absent explicit statutory or contractual authorization. *Id.*

Rule 54(d)(2) applies to attorney's fees. Where attorney's fees are not required under the relevant substantive law, the rule also permits an award of attorney's fees by motion specifying the statute, rule, or other grounds entitling the movant to the award. Fed. R. Civ. P. 54(d)(2)(B)(ii). Although under the "American rule" a prevailing party is not automatically entitled to attorney's fees, Rule 54 provides a common exception to this tradition. *See Summit Valley Indus, Inc. v. United Bhd. of Carpenters & Joiners*, 456 U.S. 717, 721 (1982).

Rule 68 governs the consequences for making, accepting, and declining an offer of judgment. "The purpose of Rule 68 is to encourage settlement of litigation." *Johnston v. Penrod Drilling Co.*, 803 F.2d 867, 869 (5th Cir. 1986). Where an offer of judgment is made and declined, Rule 68(d) provides: "If the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made." Rule 68 is a mandatory rule, leaving "no room for district court discretion." *Johnston*, 803 F.2d at 869; *Fair v. Allen*, No. 09-2018, 2011 U.S. Dist. LEXIS 63459, at *4 (W.D. La. June 15, 2011).

## II.

## ANALYSIS

Defendant moves for attorney's fees and costs under Rule 54 or, alternatively, under Rule 68. Plaintiff opposes Defendant's request. The Court evaluates each of these potential bases for costs and fees, in turn, below.

A.    *Rule 54*

Defendant moves for both costs and attorney's fees under Rule 54(d). Doc. 118-1, Br. at 6-15. Because the burden of demonstrating an entitlement to costs and fees is distinct for each under Rule 54(d), the Court addresses them separately.

1.    Costs under Rule 54(d)(1)

In its Final Judgment, the Court determined that the case should be dismissed at Plaintiff's costs. Doc. 117, J. The Court decided that Defendant was the prevailing party in the action for the purposes of determining costs, in part because it prevailed on a greater number and substance of claims at summary judgment and prevailed on both claims submitted to trial (by directed verdict and by jury verdict), and in part because Plaintiff obtained zero damages on the few claims that it won at summary judgment. Plaintiff's argument that he should be deemed the prevailing party because he won some of his claims, doc. 121, Resp. at 7, is unpersuasive; further, Plaintiff's case citations involve situations not analogous to the case presented here. Under Rule 54(d)(1), there can be only one prevailing party, and "even in mixed judgment cases, punting is not an option." *Shum v. Intel Corp.*, 629 F.3d 1360, 1367 (Fed. Cir. 2010) ("Rule 54 does not allow every party that won on some claims to be deemed a 'prevailing party.' For the purposes of costs and fees, there can be only one winner. A court must choose one, and only one, 'prevailing party' to receive any costs award." (footnote omitted)). Pursuant to the Court's Judgment, Defendant was deemed the prevailing party in this action and is entitled to its costs under Rule 54(d)(1).

Next, Plaintiff disputes the recoverability of some of the costs submitted by Defendant under 28 U.S.C. § 1920. Doc. 121, Resp. at 13-23. Defendant has outlined its costs in its Motion, doc. 118-1, Br. at 8-9, in its appendix, and in its Bill of Costs, doc. 128-1. The total costs sought amount to

$9,438.73. *See* doc. 128-1. Section 1920 provides that the following may be taxed as costs: (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) docket fees under 28 U.S.C. § 1923; (6) compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under 28 U.S.C. § 1828.

First, Plaintiff disputes that Defendant is entitled to $3,910 in costs for Robert Wyatt's first and second deposition transcripts, Plaintiff's deposition transcript, and the partial trial transcript. Doc. 121, Resp. at 15-17. Plaintiff argues that only "stenographic" transcript costs are recoverable under § 1920(2). Plaintiff, however, disingenuously cites to the prior version of § 1920(2), which was amended in 2008 to permit recovery for necessary "printed or electronically recorded transcripts." *See Sheikh-Abukar v. Fiserv Solutions, Inc.*, No. H-09-2769, 2011 WL 5149654, at *1 (S.D. Tex. Oct. 26, 2011) (holding that the cost for videotaped depositions is recoverable under the amended § 1920(2) and cases holding otherwise prior to the amendment are no longer good law). Defendant has shown that the deposition and trial transcripts were necessary and are permitted by statute.

Next, Plaintiff contends that Defendant is not entitled to recover costs related to Robert Wyatt's expenses for his deposition, the mediation, and the trial because those costs are excessive and not necessary. Doc. 121, Resp. at 17-20. The Court disagrees with Plaintiff's analysis and concludes that Defendant has adequately shown that Wyatt's actual expenses were not unreasonable and were necessary. Defendant is thus entitled to reimbursement.

Plaintiff further argues that Defendant should not be reimbursed for its $363.09 copy costs

because Defendant has not shown that such costs were necessary. Doc. 121, Resp. at 21-22; *see Holmes ex rel. Estate of Holmes v. Cessna Aircraft Co.*, 11 F.3d 63, 64 (5th Cir. 1994) (per curiam). The Court disagrees. Defendant's copying costs are outlined in its Bill of Costs and provide the number of copies made, the date that each set of copies were made, the seven-cent price per copy, and a notation that the copies were made for this case. Doc. 128-1, Ex. 2 at 1-3. Defense counsel Robbie Malone provided an affidavit stating that the services for which the fees were incurred were actually and necessarily performed. Doc. 118-5, App. at 156. The Court concludes that Defendant has sufficiently shown that the relatively low and reasonable amount expended in copying costs for this case was incurred as a necessity for litigation. *See Northbrook Excess & Surplus Ins. Co. v. Procter & Gamble Co.*, 924 F.2d 633, 643 (7th Cir. 1991).

Finally, Plaintiff generally objects to Defendant's costs as excessive and unnecessary. The Court rejects this argument and, through the Court's review of the costs and the evidence submitted by Defendant, determines that Defendant's costs were reasonable and necessary to litigation. Accordingly, the Court **GRANTS** Defendant's Motion in that it awards costs in the amount of $9,438.73 to Defendant pursuant to its right to recover such costs under Rule 54(d)(1).

    2.    <u>Attorney's Fees under Rule 54(d)(2)</u>

A motion for attorney's fees must state the statute, rule, or other grounds, such as a contract, entitling the movant to fees. Fed. R. Civ. P. 54(d)(2)(B)(ii). Plaintiff asserts that Defendant is not entitled to attorney's fees under Rule 54(d)(2) because it has not pointed to any statute permitting fees and because no contract or other ground for fees exists. Doc. 121, Resp. at 5-6, 8.

As an initial matter, the Court has previously found that Defendant is the prevailing party in this case. Doc. 117, J. Defendant's request for fees was timely and specified the judgment entitling

it to the award. Fed. R. Civ. P. 54(d)(2)(B)(i) and (ii).  Defendant also requests an amount of attorney's fees. Fed. R. Civ. P. 54(d)(2)(B)(iii). Under the lodestar method, a party moving for attorney's fees under Rule 54(d)(2) must show both that its hourly rate and the hours spent on the case were reasonable. *See Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 564 (1986); *Jimenez v. Wood Cnty.*, 621 F.3d 372, 379-80 (5th Cir. 2010) (examining the two-step process for determining a fee award). Plaintiff does not dispute the reasonableness of the hourly rates or the hours spent by defense counsel, nor does he request a downward adjustment under *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). The Court agrees that defense counsel's rates of $80 to $175 per hour billed are reasonable and, indeed, lower than the median hourly rates for consumer litigation practitioners in the Dallas-Fort Worth area and than the rates found by the State Bar of Texas. The Court has reviewed defense counsel's billing invoices for the work and services performed and agrees that the amount of time spent on each matter indicated therein is reasonable, thus there is no reason to adjust the fees requested under the *Johnson* factors. The narrow issue remaining is therefore whether Defendant has provided statutory authority for its entitlement to fees, as it is required to do under Rule 54(d)(2)(B)(ii).

Plaintiff claims that Defendant points to no statutory authority for its right to recover fees. Defendant replies, without support, that it need not provide statutory authority for fees despite the language in Rule 54(d)(2)(B)(ii) because a court can order that attorney's fees *be included as recoverable costs under Rule 54(d)(1)*. Doc. 127, Reply at 3. The Court declines to adopt Defendant's interpretation of Rule 54(d)(1) and limits its analysis of whether Defendant is entitled to attorney's fees to Rule 54(d)(2).

Defendant explains that two of the four statutes upon which it succeeded, the FDCPA, 15

- 8 -

U.S.C. § 1692k(a)(3), and the TDCPA, Tex. Fin. Code § 392.403(b), are fee-shifting statutes and allow a prevailing defendant the recovery of attorney's fees under Rule 54(d)(2).  Doc. 118-1, Br. at 2-3. Section 1692k(a)(3) does not automatically permit attorney's fees to a prevailing defendant. Instead, that subsection provides: "On a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs." *See Marx v. Gen. Revenue Corp.*, 133 S. Ct. 1166, 1170-71 (Feb. 26, 2013). Defendant did not address this issue. The Court concludes that, despite the conduct of Plaintiff's counsel during the course of litigation and at trial, Plaintiff's FDCPA claims were not brought in bad faith. Indeed, although Defendant won summary judgment and a jury verdict on the FDCPA claims under § 1692c(a)(3) and §§ 1692c(a)(2) and 1692e(11), with respect to the March 15 call, Plaintiff won summary judgment on his claims under §§ 1692d(6) and 1692e(11), with respect to the February 17 and March 11 calls. Defendant has thus not supported its request for an entitlement to fees under the FDCPA.

Defendant next points to Texas Finance Code § 392.403(b), which provides that "[a] person who successfully maintains an action under Subsection (a) is entitled to attorney's fees reasonably related to the amount of work performed and costs," as support for its entitlement to attorney's fees. Subsection (a) states that a person may sue for injunctive relief and actual damages as a result of a violation of Chapter 392. It thus appears that subsection (b) only applies to prevailing plaintiffs and not defendants. Instead, subsection (c) permits: "On a finding by a court that an action under this section was brought in bad faith or for purposes of harassment, the court shall award the defendant attorney's fees reasonably related to the work performed and costs." Section 392.403(c) appears to be the only applicable section to a defendant's recovery of fees. As above, Defendant has not argued

that Plaintiff's TDCPA claims were brought in bad faith and the Court concludes that they were not. Although Defendant succeeded on the claims under §§ 392.304(a)(19) and 392.304(a)(4) and (a)(5)(B), with respect to the March 15 call, Plaintiff succeeded on his claims under §§ 392.304(a)(4) and (a)(5)(B) with respect to the February 17 and March 11 calls. Plaintiff cannot be said to have raised claims under the TDCPA in bad faith.

Having no statutory basis upon which to rest its request for attorney's fees, the Court **DENIES** Defendant's request for attorney's fees under Federal Rule of Civil Procedure 54(d)(2).

B.     *Rule 68*

Defendant moves for both attorney's fees and costs under Rule 68. Doc. 118-1, Br. at 3-6. Defendant explains that it made a Rule 68 offer of judgment for $1,000 and attorney's fees, that Plaintiff declined the offer of judgment, and that Plaintiff's recovery was zero. Thus, Defendant seeks attorney's fees under Rule 68(d) for the fees in incurred after the offer of judgment was made. Although on its face it would appear that Defendant has a valid claim for an award under Rule 68, the Supreme Court has made clear that, in situations where a plaintiff receives a "take nothing" judgment or when the defendant prevails, Rule 68 does not apply. *Delta Air Lines, Inc. v. August*, 450 U.S. 346 (1981); *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 333-34 (5th Cir. 1995) ("If a plaintiff takes nothing, however, Rule 68 does not apply."); *Ezelle v. Bauer Corp.*, 154 F.R.D. 149, 153 (S.D. Miss. 1994) ("Rule 68, then, pertains only to judgments obtained by the plaintiff and is inapplicable to cases . . . where the defendant obtains judgment, or where the plaintiff takes nothing."). The rationale for this holding is stated as follows:

> If a plaintiff rejects a Rule 68 settlement offer, he will lose some of the benefits of victory if his recovery is less than the offer. Because costs are usually assessed against the losing party, liability for costs is a normal incident of defeat. Therefore, a

> nonsettling plaintiff does not run the risk of suffering additional burdens that do not
> ordinarily attend a defeat, and Rule 68 would provide little, if any, additional
> incentive if it were applied when the plaintiff loses.

*Delta*, 450 U.S. at 352 (footnote omitted). As Justice Rehnquist noted in his dissent in *Delta*, the

Supreme Court's interpretation of Rule 68 in this manner appears incongruous. 450 U.S. at

375 (Rehnquist, J., dissenting) ("[N]o policy argument will convince me that a plaintiff who has

refused an offer under Rule 68 and then has a 'take nothing' judgment entered against her should

be in a better position than a similar plaintiff who has refused an offer under Rule 68 but obtained

a judgment in her favor, although in a lesser amount than that which was offered pursuant to Rule

68."). Nonetheless, the rule remains that in take-nothing situations, like the one before the Court,

where a Plaintiff prevails at least in part on the merits but is awarded nothing in damages or equitable

relief, Rule 68 simply does not apply. Defendant's request for attorney's fees and costs under Rule 68

is therefore **DENIED**.

C.    *Court-Ordered Fees*

Finally, the Court notes that during trial it ordered Plaintiff's counsel to pay Defendant's

attorney's fees incurred for the excess time spent in court when Plaintiff's counsel arrived late for trial

by several hours. Those fees will be addressed in a separate order.

## IV.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART AND DENIES IN PART**

Defendant Regional Adjustment Bureau, Inc.'s Motion for Attorney's Fees and Costs under Federal

Rules of Civil Procedure 68 and 54 (doc. 118).

SO ORDERED.

SIGNED: June 16, 2013.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE