IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

TIMOTHY WHITE,            )
                         )
          Plaintiff,      )
                         )
vs.                       )  3:11-CV-1817-B
                         )
REGIONAL ADJUSTMENT       )
BUREAU, INC., d/b/a       )
RAB, INC.,                )
                         )
          Defendant.      )

MOTION FOR SANCTIONS – VOLUME 2
BEFORE THE HONORABLE JANE J. BOYLE
UNITED STATES DISTRICT JUDGE
AUGUST 7, 2013

A P P E A R A N C E S

For the Plaintiff:

    WEISBERG & MEYERS, LLC
    5025 N Central Avenue – #602
    Phoenix, AZ 85012
    888/595-9111
    BY:  MARSHALL S. MEYERS
         NOAH RADBIL

For the Defendant:

    ROBBIE L. MALONE
    EUGENE E. MARTIN
    8750 North Central Expressway – Suite 1850
    Dallas, TX  75231
    (214)346-2631

COURT REPORTER:  SHAWNIE ARCHULETA, TX CCR No. 7533
                 1100 Commerce Street
                 Dallas, Texas 75242

proceedings reported by mechanical stenography,
transcript produced by computer.

1              (In open court at 9:40 a.m.)

2              THE COURT:  Good morning.  For the record,

3    this is Civil Action 3:11-CV-1817-B, White v.

4    Regional Adjustment Bureau, Inc.

5              We're here today for a continuation of the

6    hearing that we had a few days ago, last Friday, on

7    the defense motion for sanctions under Rule 37 and

8    Rule 1927.  And as I mentioned, it's also been

9    considered under the Court's inherent authority.

10             We were not able to finish last week, so I

11   moved it to today.  What I would like to do is begin

12   the hearing by having both sides introduce

13   themselves, and I will start with counsel for the

14   Plaintiff.

15             MR. MEYERS:  Good morning, Your Honor.

16   Marshall Meyers.

17             THE COURT:  Good morning, Mr. Meyers.

18             MR. RADBIL:  Good morning, Your Honor,

19   Noah Radbil.

20             MS. MALONE:  Good morning, Your Honor.  On

21   behalf of the defendants, Robbie Malone and Xerxes

22   Martin.

23             THE COURT:  Thank you very much.

24             We, somewhere late in the evening, early

25   in the morning, somewhere between one and two,

1    received a motion for continuance.  And we also were

2    copied a letter, I think by Mr. Meyers, from the --

3    or to the Arizona Bar.

4          What I would like to do before we address

5    any of that is find out, first, Ms. Malone, have you

6    had a chance to review these documents?  Are you

7    aware of them and have you seen them?

8          MS. MALONE:  Yes, Your Honor, I read them

9    this morning.

10         THE COURT:  Okay.  What is your position

11    with regard to the relief that's being sought?

12         MS. MALONE:  I'm not sure what relief is

13    being sought by the Arizona Bar letter, so I could

14    only really address the motion to continue.  I do

15    have a position with regard to the late-filed

16    affidavits.

17         Do you want me to address both of those at

18    the same time?

19         THE COURT:  Yes.  And please remember to

20    go slow, if you will come up to the lectern, please.

21         MS. MALONE:  Yes, Your Honor.

22         With regard to the motion for continuance,

23    Your Honor, I will remind the Court that our

24    original filing on this matter was March the 26th.

25    The Court issued an order after receiving written

1   briefing from both sides on June the 17th, setting

2   this for hearing for last Friday.

3            In our original Motion 1927, we talked

4   about our concerns related to their fee agreement

5   that is given to consumers.  We also talked about

6   our concerns that, as a practice, their firm is not

7   relaying settlement offers to consumers.

8            We also talked about the fact that the

9   partners in the firm appeared to have made entries

10  on the notes, so they are clearly aware of what's

11  going on but are not offering any supervision to an

12  attorney who is not qualified to do this.

13           Those issues were addressed, concluding

14  our concerns that the Weisberg & Meyers firm has

15  been accused of overstaffing and overbilling by a

16  number of federal courts, and those were raised in

17  our original motion.  So our position is that there

18  was nothing new that happened in the hearing on

19  Friday that they should not have been prepared for.

20           We have been addressing these concerns

21  consistently in our briefing:  That we believe their

22  fee agreement is inappropriate; it puts their

23  clients in the difficult position that Dr. White

24  found himself in this case; and it is taking

25  advantage of consumers who they purport to

```
 1    represent.  And as an attorney, Your Honor, I find
 2    that particularly offensive.
 3              We also addressed our concerns about
 4    Mr. Radbil's lying to the Court throughout the
 5    original proceeding in both the 1927 Motion and the
 6    37 Motion, which I believe was filed on the same day
 7    in March.
 8              So our position is that they should have
 9    fully been aware of the severity of the situation,
10    of the gravity of the situation, and they have done
11    nothing to justify a continuance in the middle of
12    the hearing.
13              I am also concerned by the fact that they
14    are suggesting that, since the Court said you may
15    need to think about having your own counsel, that
16    somehow they are using that as a bootstrap to say,
17    well, they need an additional 30 days to prepare for
18    this.  So our position is that they've known all
19    along what our complaints were.  They should have
20    been prepared, and they should have understood -- my
21    impression, Your Honor, was they honestly thought
22    the only issue was Mr. Radbil's being late to trial
23    and that if they came in and apologized about that,
24    the Court would say, okay, slap them on the hands
25    and go away.
```

1              And that was -- while it was serious, it

2    was anywhere but the most severe thing they did in

3    trial.  And the Court warned Mr. Radbil in trial

4    that lying to a tribunal and also making false

5    accusations about opposing counsel, in her opinion,

6    were the two most serious things an attorney could

7    do.

8              If Mr. Radbil had shared with Mr. Weisberg

9    the Court's findings on the 28th, where she told

10   him, I am concerned about you lying to the Court and

11   I'm concerned about your competency, and if

12   Mr. Meyers had, in fact, read the transcript, which

13   is what he told the Court he had done, he would have

14   been fully aware this wasn't just about being late

15   for court.  So that is my position on the motion for

16   continuance.

17             As to the affidavits that were late-filed,

18   I have several objections.  But my first one is

19   under Local Rule 56.7, which specifically requires

20   that you obtain leave of court before any

21   supplemental filing of evidence or briefings in an

22   ongoing matter; they have not done that.

23             My bigger issue with these is actually

24   Federal Rule of Evidence 802, Your Honor.  These are

25   all hearsay.  I would quote the Court from the

1   United States Supreme Court, Williamson v. U.S., 512

2   U.S. 594, beginning on page 598, 1994.

3           The FRE 802 is premised on the theory that

4   out-of-court statements are subject to particular

5   hazards:  The declarant might be lying; may have

6   misperceived the events; may have a faulty memory;

7   his words may have been misunderstood or taken out

8   of context.

9           And the way in which these dangers are

10  minimized for in-court statements is there is an

11  oath; the witness's awareness of the gravity of the

12  proceedings; the ability of the fact-finder to

13  observe the witness's demeanor; and most

14  importantly, Your Honor -- and this is the big one

15  for me -- the right of the opponent to cross-examine

16  are generally absent for things said outside of

17  court.

18          So I think the United States Supreme Court

19  says that if you are going to use hearsay statements

20  to prove up your facts, which is what they have done

21  here, then we should have the right to cross-examine

22  them on those issues.

23          And these are not business record

24  affidavits.  If the Court looks at them, they are

25  proffering affidavits that are substantively about

```
 1    how their operation operates and to support the idea
 2    that they are a much cleaner operation than has been
 3    evidenced in this case.
 4            So we object to the late submission under
 5    56.7 Local Rule and also under the Federal Rules of
 6    Evidence 802, and in the whole litany there is no
 7    exception for them under the hearsay rules.  And
 8    unless the Court has anything else, that's all I
 9    have.
10            THE COURT:  Thank you, Ms. Malone.
11            Mr. Meyers, come on up here.  Let's hear
12    from you.
13            Ms. Malone, I was going to ask you, did
14    you have any witnesses here today?
15            MS. MALONE:  I was planning on calling
16    Mr. Meyers.
17            THE COURT:  All right.
18            MS. MALONE:  And I was going to testify,
19    Your Honor, and Mr. Martin was going to
20    cross-examine me.
21            THE COURT:  All right.
22            Go ahead, Mr. Meyers.  Let's hear from
23    you.
24            MR. MEYERS:  Your Honor, I would like to
25    start with my letter to the Arizona Bar.  I
```

1    referenced to the bar that I am preparing a letter

2    to you.  I have that letter right here.  And I

3    didn't want to file it, because I didn't know if it

4    would be appropriate to file it, but I would like to

5    read to you --

6              THE COURT:  Tell me what this is about.

7    We are talking today about going ahead with this

8    hearing today or not or a continuance.

9              MR. MEYERS:  I am going to tell you about

10   it.

11             THE COURT:  Without reading the letter to

12   me, just basically tell me what this is about.

13             MR. MEYERS:  The letter?

14             THE COURT:  I don't know what you are

15   trying to get at.

16             MR. MEYERS:  Sure.  Ms. Malone just said

17   that she is concerned that I am going to use the

18   fact that you said I may need counsel to justify why

19   I want an extension.  In my letter to you, it tells

20   you I am not getting counsel and I'm not using that

21   as a reason to justify why I need an extension.

22   These are the type of unfounded accusations that

23   Ms. Malone makes.

24             THE COURT:  Mr. Meyers --

25             MR. MEYERS:  May I present this to you?

```
 1              THE COURT:  No, not right now.  First of
 2   all, I want you to calm down.  All right?  The whole
 3   idea of this is a fact-finding mission, really
 4   obligatory on the Court under the circumstances that
 5   I found myself in in that trial.
 6              I have to make sure that there's no
 7   unprofessional, at the least, or certainly maybe
 8   fraudulent behavior going on, certainly
 9   misrepresentations to the Court.  There is a wealth
10   of circumstantial evidence that perhaps that was
11   going on if you read the record.
12              Ms. Malone, rightfully I think, filed this
13   motion for sanctions.  The Court has an obligation
14   to look into this.  So that's what this is about.
15   You came and said you were here to represent
16   Mr. Radbil and speak for him, but also the firm.
17   And that was my understanding from the beginning,
18   and so that's where we are.
19              You've now, after we reset this for today
20   and moved the machinery of the Court and everyone
21   else here for today's hearing, I've gotten this
22   relatively strange copy of a letter to the Arizona
23   Bar last night at the end of business, copied to the
24   Court, and now this motion for continuance.
25              So I first want you to calm down and tell
```

1  you that I want to hear what the basis for your

2  motion for continuance is.  All right?

3          MR. MEYERS:  Yes, Your Honor.  Simply,

4  Judge -- and my letter could help explain it -- the

5  Court asked me a number of questions outside of the

6  motion practice about my law firm.  I will answer

7  any question that the Court wants to hear an answer

8  to.  I will put my law license on the line that, if

9  I am a liar, burn it.

10         And I fear, Judge, that you're going to

11 consider my answers as to -- as going to the

12 credibility of my representations towards or about

13 Mr. Radbil.  And like I said to the Arizona Bar,

14 we're playing with this man's life.  This is a game

15 to Ms. Malone.  I put my law license on the line

16 that this is not a game.  And if I'm a liar, kick me

17 out of this practice.

18         THE COURT:  All right.  Mr. Meyers, let's

19 talk a little bit more about that.  I can tell you

20 right now that Ms. Malone, by bringing this motion,

21 has done nothing wrong.  It is more than supported,

22 her concerns, by the record.  You've mentioned that

23 you read the record.  It's very surprising to me

24 that a lawyer that is practicing as long as you have

25 in your capacity did not take stock of what had

1    happened by what was reflected in the record and

2    come here with an attitude of making sure that this

3    was never going to happen again.

4            As the hearing went on -- as the hearing

5    went on, it became alarmingly clear to me that you

6    were adopting this conduct as somehow appropriate;

7    that you were defending it.  And the fact that that

8    was going on caused me a great amount of additional

9    concern that I didn't have before you walked in the

10   door.

11           The fact that you may somehow sponsor by

12   your being at the head of this law firm this kind of

13   egregious behavior that affects everyone, the

14   client, the Court, and opposing counsel, is the most

15   kind of serious professional misconduct.  But that

16   you weren't defending it, you weren't apologizing

17   for it, you weren't recognizing what any lawyer

18   should have recognized by looking at the record of

19   this case, that this behavior is inappropriate and

20   unacceptable, certainly in numerous instances.

21   Rather, you were taking an approach that you thought

22   this was okay.

23           The only thing I thought you apologized

24   for was that he was late to court one day.  And

25   finally, at one point I think you told me you would

13

```
 1   have answered a question differently than he
 2   answered on the stand.
 3          With your attitude, it became very clear
 4   to me that we now needed to perhaps expand this a
 5   little bit and look more into the practices of your
 6   law firm in general as they affected this particular
 7   case.  I'm not making some nationwide investigation,
 8   but certainly the involvement of your firm and you,
 9   in particular, in the misconduct that occurred by
10   Mr. Radbil.
11          So, yes, you, by your attitude and your
12   comments, caused great concern on the part of the
13   Court, which, in my view, triggers an obligation by
14   the Court to look further into what is going on.
15   Are there clients out there who are being defrauded
16   or lied to or used in some kind of nationwide
17   consumer type of operation that Ms. Malone has
18   talked about.
19          We need to find out.  It certainly has all
20   the trappings, and your attitude just added to that
21   100 percent.  So yes, it's a little bit different
22   than when you walked in the door.
23          I don't know about your law license, but I
24   think we need to find out what happened.  And if
25   that means you need some additional time to get a
```

1    lawyer and represent yourself here, or you can

2    choose not to -- this is not a criminal contempt,

3    it's not even a contempt, let's be clear on that.

4    There is no possible -- any kind of contempt coming

5    out of this at this point, certainly no criminal,

6    and nothing has been done to cause me to think there

7    would be any civil.  But we need to get to the

8    bottom of this, Mr. Meyers.  We need to find out

9    what's going on.

10            There are enough indications that you have

11   had troubles in other areas of your firm in other

12   courts similar to this; Mr. Radbil not appearing for

13   court in another court.  I don't know.  We need to

14   find out what's going on.

15            So I want to know, without you reading

16   this letter or the things that you submitted at the

17   very last minute last night, what you think you need

18   to prepare to defend yourself and your firm and

19   Mr. Radbil over these charges.  That's it.

20            MR. MEYERS:  Client satisfaction letters.

21   I sent you -- or you got an affidavit with my BBB,

22   with bars.  I've got the lawsuits you asked for,

23   Judge, the two lawsuits I filed against clients, the

24   one lawsuit filed against me, I have them here with

25   me.  I will go through that transcript, Judge --

```
 1              THE COURT:  Wait, that's not the question.
 2   That's fine.  But I thought you wanted more time.
 3              MR. MEYERS:  I do.
 4              THE COURT:  Okay.
 5              MR. MEYERS:  Because I will show you a --
 6   you know what I found really interesting, Judge --
 7              THE COURT:  Okay.  Now you're --
 8              MR. MEYERS:  Please, Judge.
 9              THE COURT:  -- getting off on one of these
10   trails that you are --
11              MR. MEYERS:  I am not getting off on a
12   trail.  Please, Judge --
13              THE COURT:  Mr. Meyers, stop talking.  I
14   want to hear why it is you can't go forward today.
15   What is it that you need to do?  I am listening to
16   you.  I am sympathetic to this point.  So tell me,
17   without giving me a speech, about your law firm.  I
18   want to hear what it is you need to prepare, and I
19   will listen to you and do whatever I can to make
20   sure that you are prepared for this.
21              MR. MEYERS:  We were discussing at the
22   hearing, Judge, Noah -- Mr. Radbil's attempts to get
23   Ms. Malone the trial exhibits.  And I offered to the
24   Court an e-mail exchange between Kathy Bopp and
25   Ms. Malone, and the Court wanted to see the e-mails
```

1    between Mr. Radbil and Kathy Bopp.  And I found that

2    very interesting as I contemplated it the entire

3    weekend.  To me that says that the Court wants to

4    see real-time candid, unannounced pictures, shots,

5    of the truth.

6              THE COURT:  It's only because Mr. Radbil

7    has not told the truth about these trial exhibits,

8    and so you're defending his conduct.  And I am still

9    not hearing what sounds like the truth, but we are

10   not getting anywhere with regard to your

11   continuance.

12             What do you need to do?  I don't want to

13   hear what you need to offer, I want to hear what you

14   need to do and how long it is going to take so we

15   can have this hearing and give you all the rights

16   that you are entitled to and preparation time.  Tell

17   me that.  What do you want to do, and what is it we

18   are going to be waiting for you to get ready?

19             MR. MEYERS:  I want to pull you evidence

20   of every last thing that I said to you; real-time

21   evidence, not affidavits, real-time evidence.  Just

22   like the Court said, you thought the things I said

23   to you called my law firm, my credibility,

24   everything into question.  I will prove to you

25   through e-mails to people, through policies, through

1  anything and everything that every word I say is

2  true.

3           THE COURT:  Okay.  How long will it take

4  you to prepare to get that done for the next

5  hearing?

6           MR. MEYERS:  I would like 30 days, Your

7  Honor.  And if the Court would just consider

8  recessing for a moment to read my letter and the

9  documents that I have attached to it --

10          THE COURT:  Mr. Meyers, this is, again,

11 another mark of the behavior of you and your firm in

12 this case.  This is a hearing where both sides are

13 supposed to be on notice of what the other side is

14 going to argue and say and offer.

15          I've gotten two things from you in the

16 last however many hours, none of which was given to

17 the other side ahead of time, just last minute.  And

18 now it looks like you've got a third item, a big

19 stack of documents, that you want me to read.

20          Now, this is not the way that you handle a

21 sanctions hearing.  You need to get your evidence

22 together and you need to present it, and the other

23 side needs to be on notice of it in response to the

24 sanctions motion.  This isn't the way to do it, and

25 you are a lawyer long enough to know that.  You have

1    to know that that's not appropriate.

2              MR. MEYERS:  I think, Judge, that

3    appropriate is at times an absolute and at times a

4    matter of discretion.  And I think that under these

5    circumstances, when the Court is drawing conclusions

6    that I am a liar, and Ms. Malone is telling

7    hundreds, if not thousands, of people that within

8    hours of the hearing, that I'm a liar, that I should

9    be afforded the opportunity to show you that not a

10   single thing I said in Court was untrue.  And if I

11   can show that, Judge, then maybe you will believe me

12   about Mr. Radbil.

13             And Judge, I can tell you, and as I do in

14   this letter, the steps that I have taken.  You are

15   assuming that before I walked in this courtroom Noah

16   got a free pass.  That's not the case.  The problem

17   is, Judge, that this is a show for Ms. Malone's

18   little friends.

19             THE COURT:  Okay.  Mr. Meyers, now it's

20   veering off into --

21             MR. MEYERS:  Would you ask her --

22             THE COURT:  Would you -- would you stop

23   talking for a moment?  You have gone from at least

24   trying to present yourself in a professional way at

25   the beginning of the last hearing to having your

 1   conduct devolve into the point where I thought

 2   perhaps we needed to look further into what you are

 3   doing, and now it's completely inappropriate.

 4          And if you are the lawyer that you say you

 5   are, you know how to handle a sanctions hearing:

 6   Exhibits; witnesses; notice to the other side.  What

 7   you are asking me today is highly inappropriate, and

 8   the answer is no.

 9          I'm going to give you time to get ready

10   for this hearing.  I strongly urge you, because I

11   think from what I am hearing today you have lost

12   your objectivity on this if you had any to begin

13   with, you need a lawyer to come in here and

14   represent you and Mr. Radbil over these serious

15   accusations, which are in many ways, at least with

16   Mr. Radbil, documented through the transcripts.  I

17   have never seen anything like this Mr. Meyers,

18   never, not like this, in all the time I have been

19   doing this.

20          So what we are going to do, then, is --

21   the answer is, I'm not going to let you give me a

22   passel of papers with letters to me or fax things to

23   me that I will consider.  I will give you a

24   chance -- we will set this for October the 9th and

25   set a deadline for any exhibits that are to be and

1 | witnesses to be notified and passed over to the

2 | other side.

3 |       I don't know how I will handle this in the

4 | end, Mr. Meyers, but these are very serious

5 | accusations and you have not helped you or

6 | Mr. Radbil with your attitude.  We need to find out

7 | what's going on.

8 |       I will enter an order on this.  And I know

9 | that no opposing counsel should have to put up with

10 | what Ms. Malone and Mr. Martin have had to put up

11 | with in this case.  But unfortunately, I have no

12 | choice, because we want to make sure this is fair

13 | and everyone has had a chance to hear the other

14 | side.  So far it's hearsay.

15 |       I don't really think the Rules of Evidence

16 | apply in these sanctions hearings.  Certainly the

17 | Court has the authority to determine and temper its

18 | rulings by what might be reliable or not.  But I'm

19 | going to give you a full opportunity to present what

20 | you want to present to me, Mr. Meyers.

21 |       MR. MEYERS:  Thank you.

22 |       THE COURT:  I would think long and hard

23 | about what's gone on here.  I think you have been a

24 | lawyer too long to convince yourself that there is

25 | anything appropriate about what happened with

1    Mr. Radbil or even what happened for the most part

2    with you at the last hearing.

3              So I will enter an order on this.  Don't

4    send me any papers, don't send me any exhibits.

5    That's going to happen a week or so before the

6    hearing, and I will get an order out on that.  Are

7    there any witnesses here today that need to be sworn

8    or anything of that nature?

9              MR. MEYERS:  No, Your Honor, and thank you

10   so much.

11             THE COURT:  All right.  Ladies and

12   gentlemen, we will see you October the 9th, and I

13   will set the details out in a written order, and we

14   will get back together at that time.

15             MR. MEYERS:  Thank you, Your Honor.

16             (Court in recess at 10:04 a.m.)

17

18

19

20

21

22

23

24

25

**SHAWNIE ARCHULETA, CSR/CRR**
**FEDERAL COURT REPORTER — 214.753.2747**

1                    C E R T I F I C A T E

2            I, Shawnie Archuleta, CCR/CRR, certify

3    that the foregoing is a transcript from the record

4    of the proceedings in the foregoing entitled matter.

5            I further certify that the transcript fees

6    format comply with those prescribed by the Court and

7    the Judicial Conference of the United States.

8            This 23rd day of August 2013.

9

10

11                        s/Shawnie Archuleta
                          Shawnie Archuleta CCR No. 7533
12                        Official Court Reporter
                          The Northern District of Texas
13                        Dallas Division

14

15

16   My CSR license expires:  December 31, 2013

17   Business address:  1100 Commerce Street
                        Dallas, TX  75242
18   Telephone Number:  214.753.2747

19

20

21

22

23

24

25